## R. A. DOBBS v. THE STATE.

### No. 4417. Decided March 17, 1909.

**1.—Slander of Female—Terms of County Court—Jurisdiction.**

Where upon trial for slander of a female the record disclosed the fact that the commissioners court had fixed certain terms of the county court for accepting pleas of guilty in criminal cases without the intervention of a jury, and had made no provision for the trial of cases except on pleas of guilty, such terms of the county court were not authorized by law; and the court erred in forcing defendant to go to trial during such a term of the county court.

**2.—Same—Variance—Allegation and Proof—Charge of Court.**

Where upon trial for slander of a female the proof of the alleged slanderous words differed from the slanderous language set out in the information, the same constituted a variance; and the court should have given the requested charge upon this issue.

**3.—Same—Charge of Court—General Reputation—Reputation for Chastity.**

Where upon trial for slander of a female there was sufficient evidence to require a charge upon the issue of prosecutrix's reputation for chastity, which charge was requested, the court erred in submitting in his main charge the general character of prosecutrix instead of her general reputation for chastity, and in refusing the requested charge.

Appeal from the County Court of Randall. Tried below before the Hon. A. N. Henson.

Appeal from a conviction of slandering a female; penalty, a fine of $100.

The opinion states the case.

*J. C. Hunt* and *Buie & Scott* for appellant.—On question of reputation and general character of female: Shaw v. State, 28 Texas Crim. App., 236, 12 S. W. Rep., 741; Barnett v. State, 35 Texas Crim. Rep., 280, 33 S. W. Rep., 340. On question of variance: Barnett v. State, 35 Texas Crim. Rep., 280, 33 S. W. Rep., 340.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—It appears that when appellant was brought to trial before the County Court of Randall County at the March term, 1908, he protested and objected to going to trial at that term of the court because the same was not the regular term of court fixed and provided by law for the trial of criminal cases, and that he desired a trial by a jury and that no jury had been selected as required by law; and that the court had no jurisdiction to try him at said term of court. This protest and plea was overruled by the court, to which action of the court the appellant reserved a bill of exceptions. The bill of exceptions shows that on August 12, 1907, the Commissioners Court of Randall County had fixed the terms of court to be in February, April, June, August, October and December, which terms were fixed for the trial of all causes, civil and criminal, and that the first Monday in January, March, May, July, September and November were fixed as terms of the court for accepting without the intervention of a jury, pleas of guilty only in criminal cases, and no provision was made for the trial of cases except on pleas of guilty. The appellant was entitled to a trial in the mode and manner provided by law, and by a jury selected under the law and a trial in any mode except as provided by law would not be authorized. We, therefore, hold that the court below erred in forcing the defendant to go to trial at a term of the court, which term of court had been fixed by the commissioners court accepting pleas of guilty, and when no provisions are made for the selection and empaneling of a jury in the mode and manner provided by law. We have held that it was error for the court to force the defendant to trial before a jury summoned by the sheriff, where the court had refused to have the jury summoned, that had been selected by a jury commission in the manner pointed out by law. The trial of the appellant in this case was at a term not authorized by law. We therefore hold that the court erred in placing the appellant on trial at the term of the court at which he did.

The information charges that R. A. Dobbs did falsely, maliciously and falsely and wantonly impute to one Sallie Barnard, then and there a married female in this State, a want of chastity in this, to wit: "He, the said Dobbs, did then and there in the presence and hearing of H. E. Wessley and divers other persons, falsely, maliciously and wantonly say of and concerning the said Sallie Barnard that she, the said Sallie Barnard, was a woman of bad character

and that she had at some time been an inmate of a house of ill-fame in Waco, Texas, meaning thereby that the said Sallie Barnard was a woman, a common prostitute and one whose want of chastity was notorious." On the trial of the case the State introduced the witness, H. E. Wessley, who testified that on the 29th day of June, 1907, in Randall County, Texas, in a conversation with defendant Dobbs, Dobbs asked witness if he thought that Mr. James, if he knew it, would let a woman stay at his house and with his wife and daughter who was all wrong, or all out of order, and then afterwards said, who was a whore. And defendant further stated that there is a man here, or this man here has seen her in a whore house a hundred times, and Henry Porter has seen her in a whore house at Waco a number of times. And the defendant further stated that he had thought of seeing and talking to Mr. James about the matter; that witness knew that Mrs. Sallie Barnard was staying at Mr. James' at the time of the conversation, and that he understood the defendant to refer to her. Defendant requested a charge in the court below that the jury should acquit on the ground that there was a variance between the allegation and proof. We are inclined to think that this contention is correct, and that there is a variance between the proof and allegation. As said by this court in Frisby v. State, 26 Texas Crim. App., 180: "In all cases of this character the rule is that the language or whatever else constitutes the imputation or want of chastity must be substantially set forth in the indictment and must be substantially proved. This means that the essential important material portions of the slander, as alleged, must be proved. All the words alleged need not be proved, but enough of them must be proved as laid to constitute the offense. It will not do to allege one imputation and prove another. Proof must correspond with the allegation." See also the same effect Conlee v. State, 14 Texas Crim. App., 222; Humbard v. State, 21 Texas Crim. App., 200. Applying this well established rule to the case before us, has the prosecution proved the slanderous words substantially? The exact words used in the information are "that Sallie Barnard was a woman of bad character, and that she had at some time been an inmate of a house of ill-fame in Waco, Texas." The proof is as made by the witness Wessley that the defendant asked him (witness) if he "thought Mr. James, if he knew it, would let a woman stay at his house who was all wrong or all out of order and who was a whore. That there is a man here who has seen her in a whore house a hundred times and Henry Porter has seen her in Waco a number of times." The defendant called no names, was simply making an inquiry, and the testimony is not similar or substantial to the language charged in the information, and for this reason the court should have given the charge requested.

The court in his main charge to the jury charged them that the defendant in a slander case in justification of slanderous imputations,

charged to have been made by him, may prove, first, that the slanderous imputation made by him was true, and, second, that the general reputation of the alleged slandered female was bad, and stated to the jury that "if you believe from the evidence adduced in this trial that he has established either the grounds of defendant's defense mentioned in this paragraph, then you will acquit him and so say by your verdict." The appellant requested the court by written instructions to charge the jury that, if they found that the general reputation of Sallie Barnard for virtue and chastity was bad, that they would acquit. This charge was refused by the court. This we think was error. Article 751, Penal Code, provides: "In any prosecution under this chapter, it shall not be necessary for the State to show that said imputation was false, but the defendant may in justification show the truth of the imputation and the general reputation for chastity of the female alleged to have been slandered may be inquired into. In Crane v. State, 30 Texas Crim. App., 464, this court held: That where on a prosecution for slander an inquiry into the reputation of the female for chastity establishes that such a reputation is bad, the defendant is entitled to an acquittal. Now, the inquiry before the jury was not the general character of the party slandered, but her general character for chastity. There was proof sufficient in the case to require this issue to be submitted to the jury. The defendant not only complained of the charge of the court given, but requested a charge in compliance with the statute which was refused. The general character of a prosecuting witness was not an issue in the case, but her general reputation for chastity was and the court committed material error in omitting to instruct the jury on this question.

There are a number of interesting questions presented in the brief of counsel, that we deem unnecessary to mention, as we are inclined to believe that they are not likely to arise upon another trial.

For the errors above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*