### B. DURHAM v. THE STATE.

No. 174.   Decided November 17, 1909.

**1.—Aggravated Assault—Statement of Facts—Adjournment—Practice on Appeal.**

Where there was no order entered in the court below authorizing the filing of bills of exception or statement of facts after adjournment of court, the same could not be considered on appeal.

**2.—Same—Charge of Court—Rule in Misdemeanor Cases.**

The rule in misdemeanor cases is, where a party desires to take advantage of an omission in the court's charge, he must except thereto, and ask special instructions covering the matters of which he complains, otherwise the Court of Criminal Appeals will not review the charge of the court.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for aggravated assault, the fine being assessed at $100.

There are several bills of exception incorporated in the record as well as a statement of the facts. The court adjourned on the 24th day of April, 1909. The statement of facts was filed April 28, 1909, four days after adjournment of the court. The bills of exception were filed on the 4th day of May, 1909. There was no order entered in the court below, so far as this record shows, authorizing the filing of the bills of exception and statement of facts after the adjournment of the term. In the absence of such order these matters cannot be considered. With the record in this condition, that is, in the absence of the statement of facts and the bills of exception, we are of opinion that the grounds of the motion for new trial do not present such matters as can be reviewed.

Some of the criticisms of the charge cannot be intelligently reviewed in the absence of the evidence. There were no special charges asked by appellant and if the supposed defects in the charge could be considered at all, it must be done in the light of the facts. The rule is that in misdemeanors where a party desires to take advantage of omissions in the charge, he must except to the charge of the court and ask special instructions covering the matters of which he complains, otherwise this court will not review the charges of the court, except where the charge is radically wrong and this, it would seem, would apply not to omissions but to the charges as given.

However, as this record is presented we do not believe there are any such matters as can be reviewed, and there being no error authorizing a reversal, as the case is presented, the judgment is affirmed.

*Affirmed.*