TOM RICHMOND v. THE STATE.

No. 479. Decided March 9, 1910.

1.—Slander of Female—Charge of Court—Reputation for Chastity.

Where, upon trial for the slander of a female for want of chastity, there was evidence that the general reputation for chastity of said female, at and before the time of the uttering of the alleged slander, was bad, and the court's charge confined said reputation to the time of the trial, and the defendant requested a proper charge that said reputation must be confined to the time of the false utterance, there was reversible error; especially where the State was permitted to show that shortly before said trial the alleged female was elected as organist in the community where she lived.

2.—Same—Evidence—Reputation—Opinion of Witness.

Upon trial of slander of a female, it was reversible error to permit a State's witness to testify that the alleged female stayed at witness' house, and that witness saw nothing in her action or conduct indicating that she was not a virtuous woman. This was simply a conclusion of the witness.

3.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.

Where, upon appeal from a conviction of slandering a female, it did not appear from appellant's bill of exceptions that the language of State's counsel was an allusion to defendant's failure to testify, and the bill stated further that the trial judge did not hear the language complained of, there was no reversible error.

4.—Same—Privileged Communication.

Where, upon trial of slander of a female, the evidence showed that the language of defendant did not involve a duty upon defendant, but that it was used during a conversation on a wholly different matter, the same was not privileged. Distinguishing Hix v. State, 20 S. W. Rep., 550.

Appeal from the County Court of Wise. Tried below before the Hon. C. V. Terrell.

Appeal from a conviction of slandering a female; penalty, a fine of $100.

The opinion states the case.

*McMurray & Gettys,* for appellant.—On question of admitting conclusion of witness: Skidmore v. State, 123 S. W. Rep., 1129.

On question of argument of counsel: Wallace v. State, 47 Texas Crim. Rep., 448, 81 S. W. Rep., 966; Washington v. State, 77 S. W. Rep., 810; Barnard v. State, 48 Texas Crim. Rep., 111, 86 S. W. Rep., 760; Hanna v. State, 46 Texas Crim. Rep., 5, 79 S. W. Rep., 544.

On question of the court's charge as to time of reputation for chastity: Gipson v. State, 77 S. W. Rep., 216; Bowers v. State, 45

Texas ·Crim. Rep., 185, 75 S. W. Rep., 299; Manning v. State, 37
Texas Crim. Rep., 180, 39 S. W. Rep., 118; Van Dusen v. State, 34
Texas Crim. Rep., 456; Ballew v. State, 48 Texas Crim. Rep., 46, 85
S. W. Rep., 1063.

On question of privileged communication: Davis v. State, 22 S.
W. Rep., 979; Hix v. State, 20 S. W. Rep., 550.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 9th day of March, 1909, an information
was filed in the County Court of Wise County, charging appellant
with falsely and wantonly imputing to Pearl Teague a want of chastity
in that he said, in substance, that she was ruined, meaning thereby
that she was guilty of illicit carnal intercourse with a man; and in
another count charging her with being pregnant; and in a still further
count charging that the said Pearl Teague had gone to Keene to get
rid of a child, meaning thereby that the said Pearl Teague, being an
unmarried woman, was pregnant with a child as the result of illicit
carnal intercourse with a man.

The testimony in the case took a very wide range, the appellant seek-
ing to establish the truth of the statements made, and especially under-
taking to make a strong showing to the effect, in substance, that at
and before the time of the uttering of the words alleged that the
general reputation of the· said Pearl Teague in the community where
she lived for chastity was bad.  On the other hand, all the charges
against Miss Teague were strenuously denied by her, and many wit-
nesses were introduced by the State tending to show that her reputa-
tion was good, and that such reputation was good at the time of the
trial.  The trial occurred, it should be stated, and the conviction had
on the. 13th day of October, 1909.  The language ascribed to appellant
is charged to have been uttered on the 9th day of December, 1908.
Among other things, the State was permitted to prove that just a short
time before the trial Miss Teague had been elected organist in the sing-
ing class in the community where she lived.

1.  In this state of the record the court, among other things, charged
the jury as follows:  "If on inquiry as to the general reputation of
the female, the evidence satisfies you that her reputation for chastity
is bad in the community in which she lives, then you should acquit
the defendant."  This charge was at the time excepted to, because
same limits the evidence and finding of the jury to the general repu-
tation of the prosecutrix at the time of the trial.  In this connection,
and to cure the error believed to exist in the court's charge, counsel
for appellant requested the court to give the following special instruc-
tion:  "That if they find from the evidence in this case that the de-
fendant Tom Richmond used the language about Pearl Teague charged
against him in the complaint, and that said language imputed to her
a want of chastity, but that at the time said language was so uttered,

or before, the general reputation of said Pearl Teague in the community where she lived for chastity and virtue was bad, or if they find from the evidence of specific acts by said Pearl Teague with other men, she was unchaste, the jury will find the defendant not guilty."

Article 751 of our Penal Code provides that, "In any proceeding under this chapter it shall not be necessary for the State to show that such imputation was false, but the defendant may in justification show the truth of the imputation, and the general reputation for chastity of the female alleged to have been slandered may be inquired into." It has been quite uniformly held by this court that where in a prosecution for slander, an inquiry into the reputation of the female for chastity establishes that such reputation is bad, the defendant is entitled to an acquittal. Crane v. State, 30 Texas Crim. App., 464; Shaw v. State, 28 Texas Crim. App., 236; Van Dusen v. State, 34 Texas Crim. Rep., 456. We think it must be evident that it was the purpose of this statute to limit the inquiry to the time of the uttering of the words, or at least to a time reasonably approximating the date of such uttering. If it were otherwise, a man who would wantonly put in circulation false charges against an innocent woman, and had by cunning and industry at the time of the trial, months or years thereafter, brought her good name into disrepute, he might justify his act of slander in respect to a woman in fact chaste, and at the time so regarded by showing a bad reputation months thereafter. While if the charge of the court had stood alone, and had not been excepted to at the time, it might have been sufficient. We think, in view of the character of the testimony introduced, and in view of the request of appellant for a correct instruction, that the court should have modified the charge given so that it would clearly relate to the reputation of Miss Teague at the time of the alleged slanderous words, and that in view of the entire record, for this error, we would not be justified in treating same as immaterial.

2. Again, we think also there was error in the ruling of the court in permitting Mrs. Moore to testify, in answer to a question by counsel for the State, that while Miss Teague stayed at her house at Keene, that she saw nothing in her action or conduct indicating that she was not a virtuous woman. It would, of course, have been competent for the State to have introduced any amount of testimony to the effect that Miss Teague had not while at Keene been delivered of a child or submitted to an abortion, but we think this testimony goes beyond the scope within which the evidence should have been limited, and calls for a conclusion of the witness based upon facts not stated, and is subject to the objection urged by counsel for appellant.

3. Again, serious complaint is made of the argument of counsel for the State, claiming that in the course of the argument more than one reference was made to the failure of appellant to testify. In respect to one of these bills, the court states that he did not hear the language complained of, and it is not wholly clear in respect to the

other bill that the language should be held, in the light of the issues made, to constitute a reference to the failure of appellant to testify. These, of course, are matters not likely to occur on another trial and need not therefore be further considered.

4. An important issue raised in the case was that the language of appellant, being in reply to a question or questions of Miss Teague's father, was privileged, and that in no event could a prosecution be predicated thereon. We think this position, under the facts here, is not maintainable. This case is wholly different from that of Hix v. State, 20 S. W. Rep., 550. The court there held that statements by a defendant, which would otherwise be slanderous, are privileged, where they were made to the father of the person alleged to have been slandered, at a meeting by appointment for the purpose of investigating the alleged slander. The decision in that case is rested somewhat upon the holding of the court in Ormsby v. Douglass, 37 N. Y., 477, where the rule is thus stated: "A communication, which would otherwise be slanderous and actionable, is privileged if made in good faith upon a matter involving an interest or duty to the party making it, though such duty be not strictly legal, but of doubtful obligation, to a person having a corresponding interest or duty." In this case it appears from the evidence, however, that J. W. Teague, father of Miss Teague, and appellant were talking about a wholly different matter not at all relating to Teague's daughter, and that during this conversation appellant began the conversation touching Miss Teague, and uttered the words alleged to be libelous. See 2 McClain on Criminal Law, p. 1052.

5. The other matters raised on the appeal, which are quite numerous, relate to matters in respect to which, we think, there was no error committed by the court, or such as will not likely arise on another trial, and need not, therefore, be discussed.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*