## TOM WELCH V. THE STATE.

### No. 2452. Decided May 14, 1913.

### Rehearing denied June 11, 1913.

**1.—False Swearing—Bills of Exception—Practice on Appeal.**

In the absence of bills of exception to complaints in regard to admitting certain testimony, the same can not be considered on appeal.

**2.—Same—False Swearing—Perjury.**

Where the affidavit upon which the charge of false swearing was based was not attached to the motion for continuance or used in the trial, of the case against the defendant, but was found on his person when he was arrested charged with the offense of false swearing, this constitutes the offense of false swearing and not of perjury.

**3.—Same—Indictment—Affidavit Voluntarily Made.**

Where the indictment charged that the affidavit upon which the false swearing was based was unlawfully, deliberately, corruptly, and wilfully made, the same was sufficient without using the word "voluntarily."

**4.—Same—Attorney and Client.**

In a prosecution for false swearing, it was no defense that defendant consulted with an attorney and made the affidavit in pursuance of the suggestion of the attorney, there was no error in refusing a special charge on this theory.

**5.—Same—Wilfully and Deliberately.**

Upon trial of false swearing, the fact that defendant was suffering at the time of making the alleged affidavit from a bowel trouble did not show that the affidavit was not wilfully and deliberately made.

**6.—Same—Insanity—Charge of Court.**

Where, upon trial of false swearing, the defendant's testimony tended to raise the issue that he might have been insane at the time of making the alleged false affidavit, and the court properly submitted the issue of insanity, there was no error.

**7.—Same—Voluntary Declarations—Charge of Court.**

Where, upon trial of false swearing, the court properly submitted the law requiring that the statement must be voluntarily made and properly defined the law of false swearing, the criticism that the court failed to instruct the jury that the affidavit must be voluntarily made is not borne out by the record.

**8.—Same—Charge of Court—Harmless Error.**

Where, upon trial of false swearing, the evidence showed the absolute falsity of the alleged affidavit, there was no error in the court's charge that said affidavit was not required by law, and although the latter part of the charge on this subject may have been subject to criticism, the error, if any, was harmless under the evidence.

**9.—Same—Insanity.**

Where defendant testified that at the time of the trial he had recovered his mental status, and there was nothing to disclose that at the time of defendant's trial for insanity theretofore, there was any evidence offered that defendant was insane at the time he committed the offense, there was no error in the court's charge requiring that the burden was on the defendant to show by a preponderance of testimony that he was of unsound mind at the date of the commission of the offense. Distinguishing Witty v. State, recently decided.

Appeal from the District Court of Erath.   Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Shurtleff & Black,* for appellant.—On question of insufficiency of indictment for failing to allege that the declaration made by defendant was voluntary:   Woolsey v. State, 14 Texas Crim. App., 57; White v. State, 1 id., 211; Juaraqui v. State, 28 Texas, 625.

On the court's charge of the falsity of the affidavit:   Warren v. State, 57 Texas Crim. Rep., 262, 122 S. W. Rep., 541; O'Bryan v. State, 11 S. W. Rep., 443; Lankford v. State, 9 Texas Crim. App., 283.

On question of voluntarily and deliberately making affidavit:   Pickrell v. State, 60 Texas Crim. Rep., 572, 132 S. W. Rep., 938; Barnes v. State, 57 Texas Crim. Rep., 449, 125 S. W. Rep., 39; Ross v. State, 53 Texas Crim. Rep., 277, 109 S. W. Rep., 194.

On question of court's charge on insanity:   Witty v. State, 153 S. W. Rep., 1146.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of false swearing, and his punishment assessed at three years confinement in the penitentiary.

There are a number of complaints in regard to admitting certain testimony, but if any bills of exception were reserved or objections made during the trial it is not manifested by the record before us, and under such circumstances these grounds can not be considered.

The facts would show that appellant was arrested charged with petty theft, in the County Court of Erath County.   Thereafter he appeared before S. H. Davis, a justice of the peace in Erath County, on the 11th day of September, represented himself to be G. I. Gambrell, and made an affidavit that he (Gambrell) had sold the onions with which appellant was charged with stealing to appellant, Tom Welch.   Appellant insists that would constitute perjury and not false swearing.   Two days later, on the 13th, when his case was called for trial, he filed an application to continue the case on account of the absence of Gambrell, but he did not attach this affidavit to the application, but he says his lawyer told him they might call Mr. Davis as a witness, and he would identify him, appellant, as the person who represented himself to be Gambrell, but that he and his attorney prepared another statement in substance the same, and he, appellant, signed Gambrell's name to it, and his attorney signed the name of C. J. Howard as a witness to Gambrell's signature.   The record demonstrates that the affidavit made by appellant before Mr. Davis was not attached to the motion for a continuance, nor used in the trial, but was found on his person when he was arrested

charged with this offense. The offense of false swearing was committed and became a completed offense when he signed and swore to the affidavit before the justice of the peace.

There is no merit in the contention that the indictment does not sufficiently allege that the affidavit was voluntarily made. It does charge in specific terms that it was "unlawfully, deliberately, corruptly and wilfully made," and while the word "voluntarily" is not used, yet other language used in the indictment conveys that meaning, and is subject to no other construction.

It would be no defense that he consulted with an attorney, and made the affidavit in pursuance of a suggestion of the attorney. If he deliberately made a false affidavit, knowing it to be false, that one suggested this as a means of getting the case dismissed or continued, would be no defense, and the court did not err in refusing the special charge presenting that theory. Neither would the fact that defendant was suffering at the time from a bowel trouble, under the evidence on this trial, present an issue that it was not wilfully and deliberately made. The defendant's testimony tended to raise the issue that he might have been insane at the time, and the court on this issue instructed the jury:

"Among other defenses set up by the defendant is that of insanity; that is, that at the time the alleged false affidavit was made, if he did make it, he was of unsound mind and therefore was not cognizant of the facts stated in said affidavit, and that same·was not, therefore, wilfully and deliberately and corruptly made.

"Upon this issue you are instructed that the law presumes every man sane until the contrary appears, and that the burden is on the defendant to establish his insanity by a preponderance of the evidence.

"Now if you believe from a preponderance of the evidence in this case that at the time the defendant made the alleged false affidavit before S. H. Davis, which has been exhibited in evidence before you, if he did make it, that he was laboring under such a disease of mind that he did not know the act he was doing was wrong, then you will acquit him."

The court also instructed the jury: "In the first place then you are instructed that our law provides that if any person shall deliberately and wilfully, under oath legally administered, make a false statement by a voluntary declaration or affidavit which is not required by law or made in the course of a judicial proceeding, he is guilty of false swearing, and shall be punished.

"A false statement made through inadvertence or under agitation or by mistake is not false swearing. No person shall be convicted of the offense of false swearing except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the alleged false statement under oath. . . . The term, deliberately, as used in this charge, means that the statement must have been made with deliberation and after meditation, and that it was not made hastily through inadvertence or by mistake. The term, wilfully, as herein used, means that the statement must have

been made with evil intent and legal malice and without reasonable grounds for believing it to have been lawful, and without legal justification." It is thus seen that the court did correctly define the offense, and the criticism that the court did not instruct that it must have been a "voluntary" affidavit is not borne out by the record.

After setting out the affidavit the court instructed the jury: "I charge you, gentlemen, that said alleged false affidavit was not required by law, and was not made in the course of a judicial proceeding, and is sufficient, if its falsity is legally proven to your satisfaction beyond a reasonable doubt to warrant a conviction of the defendant." It was not inappropriate for the court to tell the jury as a matter of law under the facts, that the affidavit in question was not made in the course of a judicial proceeding, and while the latter part of this paragraph may be subject to criticism, and if it stood alone in the charge might be error, yet the court, as hereinbefore shown, appropriately presented the only defense offered by appellant, that he was insane, and it is not such error as will necessitate a reversal of the case. If appellant was sane he is positively identified as the man who made the affidavit signing another's name to it; its absolute falsity is shown, no effort being made to show that it spoke the truth. Appellant admitted he knew no such man as Gambrell; had bought no onions from him, and in his written confessions introduced in evidence he himself left himself no defense other than insanity.

While appellant states that subsequent to this time he had been adjudged insane, yet he states he had recovered his mental status at the time of this trial, and as there is nothing to disclose that at the time of the trial for insanity there was any evidence offered nor finding that it covered the period in which he is alleged to have committed this offense, the facts do not bring it within the rule announced in the case of Witty v. State, decided at this term of court, and the court did not err in instructing the jury that the burden was on defendant to show by a preponderance of the testimony that he was of unsound mind at the date of the commission of the offense.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 11, 1913.—Reporter.]