## MARY TAYLOR v. THE STATE.

No. 3550. Decided May 19, 1915.

**1.—Using Obscene Language Over Telephone—Complaint—Information.**

Where, upon trial of using vulgar, etc., language over and through a telephone, the complaint and information followed the statute, article 471, Penal Code, the same was sufficient.

**2.—Same—Information—Date of Offense.**

Where the complaint and information alleged that heretofore, etc., defendant committed the alleged offense, the contention that the pleadings were insufficient in that the offense is not alleged to have been committed before they were filed is untenable. Following Wilson v. State, 15 Texas Crim. App., 150, and other cases.

**3.—Same—Information—Telephone Company.**

It was not necessary, upon trial of using vulgar, etc., language over and through a telephone, to allege that the telephone company was a copartnership, corporation, joint-stock company or individual firm. Following Steiner v. State, 33 Texas Crim. Rep., 291.

**4.—Same—Information—Pleading.**

Upon trial of using obscene language, etc., over a telephone, it was not necessary to allege that said telephone was in operation and capable of use at the time; besides, said information did so allege.

**5.—Same—Information—Disturbing Others.**

Upon trial of using obscene language, etc., over a telephone, it was not necessary to allege that the language so used was heard by any one or more persons or was calculated to disturb, etc.

**6.—Same—Charge of Court—Time of Offense.**

Where there was nothing in defendant's contention that the testimony did not show that the offense was committed before the complaint and information was filed, there was no error.

**7.—Same—Charge of Court.**

The mere statement of the proposition that prosecuting witness had it within her power to prevent defendant from using obscene language over the telephone by disengaging the telephone shows that this contention is untenable.

**8.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where there was no reference by the county attorney to defendant's failure to testify and he did not except to the argument, there was no reversible error.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of using vulgar, etc., language over a telephone; penalty, a fine of $10.

The opinion states the case.

*Peden & Lipscomb,* for appellant.—On question of insufficiency of information not alleging time of offense: Williams v. State, 12 Texas Crim. App., 226; Goddard v. State, 14 id., 566; Joel v. State, 28 Texas, 642.

On question that information must allege corporation: Nasets v. State, 32 S. W. Rep., 698; Thurmon v. State, 17 S. W. Rep., 1098.

On question of committing offense prior to the filing of the information: Hardy v. State, 44 S. W. Rep., 173; Zollicoffer v. State, 43 S. W. Rep., 992.

On question of disengaging telephone: O'Brien v. State, 66 Texas. Crim. Rep., 665; Speiden v. State, 36 id., 156.

On question of argument of counsel: Dawson v. State, 24 S. W. Rep., 414; Morales v. State, 36 S. W. Rep., 435; Sanchez v. State, 69 S. W. Rep., 514.

*C. C. McDonald,* Assistant Attorney General, and *Marshall Spoonts,* County Attorney, for the State.—On question of time of offense: Wilson v. State, 15 Texas Crim. App., 150; Williams v. State, 17 id., 521, and cases cited in opinion.

On question of argument of counsel: Sample v. State, 52 Texas Crim. Rep., 509; Reinhard v. State, 52 id., 59; Huff v. State, 51 Texas Crim. Rep., 441, 103 S. W. Rep., 394.

PRENDERGAST, PRESIDING JUDGE.—Appellant was prosecuted, convicted and fined $10 for using vulgar, profane, obscene and indecent language over and through a telephone.

The statute is: "If any person shall use any vulgar, profane, obscene or indecent language over or through any telephone in this State, he shall be guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than five dollars nor more than one hundred dollars." (Art. 471, P. C.)

The prosecution was by complaint and information. They both follow the statute. After the proper formal parts, the complaint and information each charge that Mary Taylor, the appellant, "heretofore, on the 16th day of March, A. D. 1915, in the County of Tarrant and State aforesaid, did then and there unlawfully and wilfully use vulgar, profane, obscene and indecent language over and through a telephone, towit: Lamar 6733, same belonging to the Southwestern Telegraph and Telephone Company of Fort Worth, Tarrant County, Texas."

Appellant made two motions,—one to quash the complaint and the other the information, on many grounds. We state only such of them as she urges in her brief. Her first is, that said pleadings were insufficient in that the offense is not alleged to have been committed before they were filed. The reverse of this is true. They each allege that *"heretofore."* Wilson v. State, 15 Texas Crim. App., 150; Williams v. State, 17 Texas Crim. App., 521.

Second, she claims they were insufficient because they fail to allege that said telephone company was a copartnership, corporation, joint stock company or individual firm. This was not necessary in this case. Steiner v. State, 33 Texas Crim. Rep., 291. This is not like where a party is charged with theft or embezzlement, and the theft or embezzlement is alleged to be the property of a company.

Third, she claims that said pleadings failed to allege that said telephone was in operation and capable of use at the time. No such allegation was necessary. The allegation that was made clearly showed that the telephone was in operation and not only capable of being, but actually used by appellant and that she used over and through it vulgar, etc., language.

Fourth, she claims that said pleadings fail to allege that in the use of said telephone she used vulgar, etc., language, which was heard by any one or more persons, or it disturbed or was calculated to disturb any one or more persons. This was unnecessary. The allegations in both pleadings followed the statute and were clearly sufficient.

Appellant next complains that the court erred in refusing to give her special charge to the effect that the State having wholly failed to prove that she used any vulgar, etc., language as charged, on said date, at any time prior to the filing of the complaint to acquit her. Only one witness, a woman, testified. She testified that on the evening of March 16, 1915, appellant called her up over the phone; that she knew her voice, having seen and talked with her before and having talked with her repeatedly over the phone before; and that she used to her, giving the language. It is too indecent, vulgar and profane to here copy. There is nothing in appellant's contention that the testimony of this witness did not show that this offense was committed before the complaint and information were filed. The case was tried on March 24, 1915.

Appellant next complains that the court refused to give her charge No. 2 to the effect that the prosecuting witness to whom appellant used, over the phone, the vulgar, etc., language had it in her power to prevent appellant from committing the offense, because she could have disengaged her telephone from that alleged to have been used by appellant and thereby refused to listen to more than one single utterance by appellant and this entitled her to an acquittal. The mere statement of such a proposition is all that is necessary to show that there is no merit whatever in it.

The only other complaint appellant has is she alleges in her motion for new trial that the county attorney in his argument to the jury said that the complaining witness "has testified to all of these facts, which have not been denied." She did not except to any such language, if used, at the time and has no bill of exceptions thereto. This question can not be reviewed in the absence of a bill of exceptions to the language at the time used, and the refusal of the court to give a charge excluding it. Besides this was no reference to the failure of the appellant to testify. The judgment is affirmed.

*Affirmed.*