## E. E. PICKERELL v. THE STATE.

### No. 4712.   Decided October 31, 1917.

**1.—Slander—Evidence—Redirect Examination.**

Where, upon trial of slander of a female, the State's witness testified that defendant used the language charged, and on cross-examination testified to his manner and conduct at the time, and on redirect examination testified that defendant was indignant partly due to excitement, etc., and that in the opinion of the witness he showed that appearance, there was no reversible error. Following Owen v. State, 52 Texas Crim. Rep., 65, and other cases.

**2.—Same—Evidence—Redirect Examination—Motive of Witness.**

Where, upon cross-examination of a State's witness, defendant proved that the witness was friendly towards the prosecutrix and had gone on her note for $200, etc., there was no error in permitting the State, on redirect examination, to show the circumstances under which the witness had signed said note. Following Baarber v. State, 69 S. W. Rep., 515.

**3.—Same—Evidence—Redirect Examination—Bill of Exceptions.**

Where the bill of exceptions failed to show the connection in which the testimony objected to was given, whether upon direct or redirect examination, it must be assumed in support of the judgment that it was not introduced as original testimony, and there was no reversible error. Bradley v. State, 60 Texas Crim. Rep., 398, and other cases.

**4.—Same—Maliciously and Wantonly—Charge of Court.**

Where the terms maliciously and wantonly were sufficiently defined in the court's main charge to render the giving of the requested charge relating to them unnecessary, there was no error.

**5.—Same—Charge of Court—Burden of Proof—Preponderance of Evidence.**

Upon trial of slandering a female, there was no error in the court's charge that the question of unchastity as a defense placed the burden on the defendant, as the statute is analogous to the one on the defense of insanity which places the burden upon defendant to prove this defense by a preponderance of the evidence. Distinguishing Dobbs v. State, 55 Texas Crim. Rep., 483, 117 S. W. Rep., 799.

**6.—Same—Charge of Court—Misdemeanor—Rule Stated.**

In misdemeanor cases, the main charge of the court must be excepted to and an accurate special charge presented; however, the charge of the court fully protected the rights of the defendant. Following Durham v. State, 57 Texas Crim. Rep., 279, and other cases.

**7.—Same—Excitement—Intent—Defensive Theory.**

The contention that the court should have submitted to the jury the fact that the defendant was excited at the time he made the slanderous declaration is untenable, as excitement not amounting to temporary insanity is not a defense on a trial of slander of a female. Following Murphy v. State, 43 Texas Crim. Rep., 515, and other cases.

**8.—Same—Argument of Counsel—Defendant's Failure to Testify.**

Where two State's witnesses testified to the uttering of the slanderous words and that there were other persons present, giving the names of some of them, the contention that the county attorney alluded to defendant's failure to testify because he said that it was denied that the slanderous words were uttered, is not well taken. Following Ethridge v. State, 74 Texas Crim. Rep., 635, 169 S. W. Rep., 1152, and other cases.

**9.—Same—Reputation—Evidence—Chastity.**

Upon trial of slander of a female, testimony that some two months subsequent to the date of the offense, the reputation of the alleged injured female for chastity was bad·was properly excluded. Following Richmond v. State, 58 Texas Crim. Rep., 435, and other cases.

Appeal from the County Court of Crockett. Tried below before the Hon. T. W. McBride.

Appeal from a conviction of slander of a female; penalty, a fine of one hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

*C. E. Gustavus* and *Reeder, Dooley & Reeder,* for appellant.—On question of maliciously and wantonly: Stayton v. State, 78 S. W. Rep., 1071; Rainwater v. State, 81 S. W. Rep., 38; Tippens v. State, 43 id., 1000; Kelley v. State, 195 S. W. Rep., 853.

On question of general reputation for chastity: Shaw v. State, 12 S. W. Rep., 741, and cases cited in opinion.

On question of argument of counsel: Morgan v. State, 62 Texas Crim. Rep., 39, 136 S. W. Rep., 1065; Shepperd v. State, 196 S. W. Rep., 541.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for slander in imputing a want of chastity to Nellie Rowles, and punishment assessed at a fine of $500 and imprisonment in the county jail for thirty days.

Reversal is sought in the first assignment because a witness said: "My very best opinion is that he was mad, just as mad as he could be; that is what I thought about it." This related to the time that the witness claimed that appellant used the slanderous language. At the time the language on which the prosecution is founded was used appellant was at the courthouse, having been arrested for rape upon the daughter of Nellie Rowles. The witness named in the bill of exceptions under consideration testified that appellant used the language charged, and on cross-examination testified to his manner and conduct at the time, using in part the following language: "He was indignant; part due to excitement may be, but was very much wrought up over it; that is my opinion, he showed that appearance." The language complained of in the bill was brought out by the State on redirect examination. The admissibility of the evidence, we think, is settled. Owen v. State, 52 Texas Crim. Rep., 65, and cases cited; 5 Ency. of Ev., p. 701; Logan v. State, 53 S. W. Rep., 694; Branch's Ann. P. C., p. 73, sec. 132, and cases cited.

One of the witnesses to the language complained of in the prosecution was Henry S. Bishop, ex-district attorney. He testified to the effect that appellant had uttered the slanderous words, and on cross-examination appellant proved by him that he was quite friendly with

Mrs. Rowles; had gone on her note for $200, and directed his examination to show that the interest of the witness in the prosecution was active. The State on redirect examination was permitted, over appellant's objection, to prove by the witness Bishop the circumstances under which he had signed the note for Mrs. Rowles for $200 inquired about on cross-examination, and he stated, in substance, that he did so because she was without funds, that her daughter was pregnant and she desired to go to Oklahoma and take care of her. The rule of evidence, we think, was not transgressed by allowing the State to prove the circumstances under which the note was signed in an effort to avoid the unfavorable light in which the appellant, through his cross-examination, had put the witness by proving his interest in and friendship for Mrs. Rowles, and the fact that he had signed the note. Barber v. State, 69 S. W. Rep., 515, and cases there cited; Wigmore on Evidence, sec. 952; Wharton's Crim. Ev., sec. 491, also p. 1000, notes 18 and 19, and cases cited.

The reputation for chastity and virtue of Mrs. Rowles was in issue. One of the State's witnesses, Dr. McFarlane, testified that her reputation in these respects was good. This was the full purport of his direct examination. On cross-examination he testified that he had heard her spoken of as being quite a nice lady, a hard working lady. Mr. Rowles was sick at the time, and that he never heard her reputation for chastity questioned; that he heard her frequently talked about and her name frequently mentioned. Appellant, in one of his bills of exception, complains that this witness was, at the instance of the State, permitted to say of her the following: "One of her girls was sickly when she lived there, and they were very poor, and I heard her spoken of quite frequently as being a hard working woman trying to support this sick girl, and things of that kind. This is all I have ever heard about her." The statement of facts does not show this purported testimony. However, in deference to the bill we will assume that it was given and omitted from the statement of facts. The bill fails, however, to show the connection in which it was given, and whether upon direct or redirect examination, rendering it difficult for us to determine whether there was error committed or not. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119; Todd v. State, 57 Texas Crim. Rep., 15; Vernon's C. C. P., p. 543, note 29, subdiv. 3. The testimony would not have been admissible as original evidence. It is in line with and not materially different from that adduced by appellant on cross-examination, and if drawn out by the State on redirect examination would have been germane to the cross-examination; at least, under such circumstances it would not have been a matter of which appellant could complain. In view of the condition of the statement of facts mentioned, and the silence of the bill as to the circumstances under which the evidence complained of was adduced, it will be assumed, in support of the judgment, that it was not proved as original tertimony. Bradley v. State, 60 Texas Crim. Rep., 398; Ferguson v.

State, 57 Texas Crim. Rep., 205; Kirkpatrick v. State, 57 Texas Crim. Rep., 17; Edgar v. State, 59 Texas Crim. Rep., 252; Beeson v. State, 60 Texas Crim. Rep., 39.

The terms "maliciously" and "wantonly" were sufficiently defined in the court's charge to render the giving of the requested charge relating to them unnecessary.

The court in charging the jury informed them that if at the time of the alleged offense, October 25, Mrs. Rowles was unchaste or her reputation for chastity was bad, appellant should be acquitted, but told them further that in the establishment of this defense the burden of proving it by the preponderance of the evidence was upon him. This charge was not excepted to, but a special charge on the same subject was refused. The special charge omits the question of burden of proof, and fixes the date of the inquiry on the 26th of October, which was after the complaint was filed. Appellant cites Dobbs v. State, 117 S. W. Rep., 799, as supporting his contention that the refusal of this charge was error in depriving him of the submission of his defense in an affirmative manner. In the Dobbs case this court held that a charge authorizing an acquittal if the jury found that the alleged injured female was unchaste, or her reputation in that respect bad, was necessary, but the holding was made in a case where the trial court had failed to submit this defense at all. In this case the contrary is true. Under our statute, article 1181, P. C., the burden is upon appellant to prove the defense,—want of chastity or bad reputation of the alleged injured female. That statute is analogous to the one on the defense of insanity, and construing that it has frequently been held that it is proper for the court to charge that the burden was upon the appellant to prove his defense by a preponderance of the evidence. Webb v. State, 9 Texas Crim. App., 510; Welch v. State, 71 Texas Crim. Rep., 17, 157 S. W. Rep., 946, and other cases cited in Branch's Ann. P. C., p. 20, sec. 38. In misdemeanor cases the decisions of this court hold that the main charge must be excepted to and an accurate special charge presented. Bradley v. State, 136 S. W. Rep., 446; Durham v. State, 57 Texas Crim. Rep., 279; Vernon's C. C. P., p. 523, note 58. However, we think the main charge fully protected appellant's rights in the matter in hand.

We think the contention of appellant, that the court should have submitted to the jury his excitement at the time he made the slanderous declaration as a defense is not sound. His excitement was admitted with propriety as bearing upon the issue of intent. 18 Am. & Eng. Ency. of Law, p. 1007; Ency. of Evidence, vol. 8, p. 203. The excitement not amounting to temporary insanity would not have constituted a defense. Murphy v. State, 43 Texas Crim. Rep., 515; Angel v. State, 45 Texas Crim. Rep., 135; Branch's Ann. P. C., p. 21, and cases cited.

In his closing argument the county attorney stated that the uttering of the slanderous words had not been denied, and upon this is based the contention that appellant's failure to testify was commented upon con-

trary to article 790, P. C. Two witnesses testified to the uttering of the slanderous words; both of them claimed that there were other persons present, giving the names of some of them. These others were not called as witnesses to contradict the State's evidence. The bill does not show error. Ethridge v. State, 74 Texas Crim. Rep., 635, 169 S. W. Rep., 1152; Taylor v. State, 177 S. W. Rep., 82; Pullen v. State, 70 Texas Crim. Rep., 156.

The evidence offered to show that some two months subsequent to the date of the offense the alleged injured female's reputation for chastity was bad was, we think, properly excluded. Such evidence was expressly held inadmissible in Richmond v. State, 58 Texas Crim. Rep., 435, and substantially so in Jackson v. State, 42 Texas Crim. Rep., 497. Both cases, we think, are founded upon sound reasoning.

We have examined the matters presented in the record, and finding no reversible error the judgment of the lower court is affirmed.

*Affirmd.*