**Marshall E. BYERLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40561.**

Court of Criminal Appeals of Texas.

July 26, 1967.

Brown & Hamby, by E. L. Hamby, Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the use of profane language over a telephone; the punishment, two months in jail and a fine of $200.00

In order to properly appraise appellant's grounds of error contained in his brief filed in the trial court, it will be necessary only to outline the State's case. The prosecuting witness, a sixteen year old school girl whose mother was employed, received a series of telephone calls from the same person on the day charged in the information. The first call was presumably in answer to an ad she had run in the newspaper offering her services as a babysitter. It was during the course of these calls that the obscene and indecent suggestions were made by the caller. Later in the day appellant was apprehended as he approached the prosecuting witness' automobile and identified himself as being the person who had called.

His first ground of error is the failure of the court to charge on the law of entrapment. He predicates his claim that such defense should have been submitted upon the following question and answer

taken from his cross examination of the prosecuting witness:

"Q. Becky, did it ever occur to you when you were talking to this fellow on the telephone that maybe you were putting ideas in his head by your conversation; that maybe you were letting him be a little bit too fresh; that maybe you ought to hang up?

A. Well, at first, I wanted to, but the police told me to go along with him."

We quote further from her testimony in answer to questions propounded by appellant's counsel:

"Q. Up to that point, had there been anything obscene said over the telephone?

A. Well, not obscene, but it was * * *

Q. Suggestive?

A. It seemed to me suggestive.

Q. All right. Then after your mother told you to play along with him, you proceeded to do just that when he would call?

A. Yes, sir."

At no time did Becky testify that she had talked with the police personally. After Becky reported appellant's first call to her mother, her mother contacted the police, but the police had no contact with appellant prior to his arrest.

We quote from Henderson v. United States, 5 Cir., 237 F.2d 169, 175, 61 A.L.R. 2d 666:

"Well settled, of course, it is that the doctrine of entrapment does not extend to acts of inducement on the part of a private citizen who is not an officer of the law."

■ We further point out that appellant testified and denied that he made the telephone calls and call attention to that portion of the opinion of the Fifth Circuit Court of Appeals in the Henderson case cited above where the Court holds that where an accused denies the single specific act charged, he is precluded from relying on the defense of entrapment.

■ Appellant's second ground of error is that the court failed to instruct the jury that Becky was an accomplice witness or submit the question of her accompliceship in the charge to the jury. We do not agree that Becky's continued talking to appellant, pursuant to her mother's instructions, after he became indecent in his conversation, constituted such aid as is contemplated by Article 66, Vernon's Ann.P.C., which defines who are principals. We find nothing in Article 476, V.A.P.C., which defines this offense, indicating that the act of continuing to listen might make the listener a party to the act. In fact, this Court held in Taylor v. State, 76 Tex.Cr.R. 642, 177 S.W. 82, that the fact that the person receiving the call continued to listen when the telephone could have been disconnected would not constitute grounds for a defensive charge.

Finding no reversible error, the judgment is affirmed.