Jesse LUNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 37790.

Court of Criminal Appeals of Texas.

Feb. 24, 1965.

Rehearing Denied March 31, 1965.

———◆———

Clyde W. Woody, Houston, on appeal only, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the sale of heroin; the punishment, 25 years.

The count of the indictment upon which the case was submitted to the jury alleged the sale of a narcotic drug, to-wit, heroin, to William Gober.

Gober, an ex-convict, testified that on August 30, 1963, the date alleged in the indictment, he was at an Icehouse-Beer Parlor drinking beer. About 1 o'clock P.M. the appellant and one Robert or Bobby Ortega drove up.

In a conversation between them appellant asked Gober if he "wanted to score" and Gober said he probably would in a little while.

Appellant said he would have "some stuff" ready shortly, and left.

Gober finished his beer and called Police Officer Hightower.

About 3 P.M. appellant again came to the beer parlor and told Gober that he had "some stuff" over on James Street under a house, and asked Gober if he was ready to buy. Gober replied that he had to go around the corner and would be back and appellant said he would wait in Ortega's car, "and he asked me how long it would be before I would be back and be ready to buy this heroin," and Gober replied that it would just be a few minutes.

Gober then went to a Pig Stand on North Main where he met Police Officers Hightower and McMannes who, after searching him and the front part of his car, gave him $21.00. Gober then drove back to the Icehouse where appellant and Ortega were sitting in Ortega's tan Chevrolet car. Upon signal from appellant, Gober followed the Chevrolet driven by Ortega to a place in the 400 block of James Street where the Chevrolet car stopped and Gober drove up directly behind it and got out of his car.

Appellant went across the street and crawled under a house. In a matter of sec-

onds he came out and walked up to Gober and said "Where's the money?" Gober got the $21.00 out of his pocket and gave it to appellant in exchange for three capsules which appellant took from a package.

Gober further testified that Officers Hightower and McMannes, in an unmarked car, followed him from the time they gave him the $21.00, and that after appellant received the money and drove away Officer Hightower followed as he drove to a secluded area near some warehouses where he gave the capsules he had bought from appellant to Officer McMannes and they again searched him and searched his automobile.

Officer Hightower, assigned to the Narcotics Division of the Houston Police Department, testified that he received a call from Gober, went with his partner, McMannes, to the Pig Stand dressed in plain clothes, where they had a conversation with Gober; searched him and his car and advanced him $21.00 "of official city funds" with instructions.

Officer Hightower further testified that he and his partner followed Gober to the icehouse, where he saw appellant with his arm out the window of the car driven by Ortega, and continued following both cars to the 400 block of James Street. He testified that from a distance of a block and a half, using field glasses, he saw appellant go to the house at 411 James and return to where Gober was standing; saw Gober hand appellant some money and appellant, in return, hand Gober something.

Also he testified that he and his partner followed Gober to the pre-arranged meeting place where Gober gave Officer McMannes three capsules and they again searched him and his car, and returned the money they had found in his pocket when they first searched him.

Floyd E. McDonald testified that he ran an analysis on the contents of the three capsules identified as State's Exhibit No. 1 which revealed that each contained about one gram of 26.4 percent pure heroin, a narcotic drug.

 We find the evidence sufficient to sustain the conviction.

There are no formal bills of exception or exceptions relating to the court's charge.

Appellant's counsel on appeal presents but one point of error. It relates to the following which occurred on cross-examination of the state's witness Gober, who had testified on direct examination that he was convicted in 1955 of murder without malice and in 1961 of burglary and felony theft, and had repeated such testimony on cross-examination.

Appellant's trial counsel asked the witness: "You have been charged * * *" The question was interrupted at this point by objection of counsel for the state pointing out "Convictions are all that he can ask him about as Counsel well knows." Appellant's counsel then stated: "I want to ascertain the number of charges that was in Harris County, Your Honor," to which the Court replied "Just convictions please. You know the rules," and appellant's counsel responded "Yes, Your Honor."

Appellant's counsel's next questions regarding charges other than those which resulted in the convictions that had been admitted were: "Q. What other indictments —have you been under other indictments?" to which the state's objection was sustained; and after he had been asked and had answered that he was not addicted to the use of narcotics: "Q. How many cases have they filed on you * * * do they have over you right now?" which he answered: "I don't have any pending cases against me," and the question: "How many times have they caught you with narcotics?" to which the state's objection was sustained and counsel for appellant was admonished: "Counsel, please pay attention. * * * You know what is admissible, and you know what is not admissible. Please don't ask any more questions along that line."

The questions propounded to which objection was sustained related to prior charges filed against the witness which did not result in convictions. We find no error in the trial court's rulings. Art. 732a Vernon's Ann.C.C.P.; Gibbs v. State, Tex.Cr. App., 385 S.W.2d 258; White v. State, Tex. Cr.App., 362 S.W.2d 650; Scarborough v. State, 171 Tex.Cr.R. 83, 344 S.W.2d 886; Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W. 2d 278.

No reversible error appearing, the judgment is affirmed.