**Jackie HOOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45301.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

**350**

---◆---

C. C. Divine, Houston, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for sale of marihuana. Punishment was assessed by the jury at ten years.

Appellant contends that the evidence is insufficient to support the conviction in that the undercover agent was an accomplice and his testimony relative to purchasing marihuana from appellant required corroboration.

B. G. Adams, a narcotic agent for the Department of Public Safety, testified that appellant approached him while he was sitting in his car in front of a pool hall on Fifth Street in Mineral Wells on the night of November 3, 1970 and said, "Hey, don't you buy grass sometimes?" Adams told ap-

pellant that he did "if the price is right," and appellant said he would sell five lids for sixty dollars or ten lids for a hundred dollars. Adams said he would take five lids. Appellant told Adams, "Well, I've got to eat and then go to my stash, come back at 9:30." Pursuant to appellant's instructions, Adams returned at 9:30, appellant got in the car with Adams and directed him (Adams) to drive the car outside of town. Appellant reached into his shirt and pulled out a brown paper bag and removed a substance which he used in a rolled cigarette. After smoking the cigarette, appellant handed same to Adams and asked him to "see how you like my weed." Adams testified that after he pretended to smoke the cigarette, he gave the appellant sixty dollars and that appellant gave him the brown bag which had five plastic bags in it.

Department of Public Safety chemist Browne testified that Adams delivered five plastic bags to him on November 10, 1970 and that he made an analysis of the contents and found same to be marihuana. Adams identified the bags about which Browne testified as the ones purchased from appellant.

Appellant denied selling marihuana to Adams, but testified that Adams attempted to buy marihuana from him. Appellant further testified Adams tried to sell him marihuana and that he and Adams smoked marihuana belonging to Adams.

In Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139, this Court held that an undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." See Herrera v. State, Tex.Cr.R., 462 S.W.2d 597; Gomez v. State, Tex.Cr.R., 461 S.W.2d 422; Ochoa v. State, Tex.Cr.R., 444 S.W.2d 763.

■ The evidence in the instant case does not sustain appellant's contention that narcotic agent Adams was an accomplice

witness as a matter of law. We find the evidence sufficient to support the conviction.

We need not consider appellant's contention that the court was in error in failing to submit to the jury the fact issue of whether narcotic agent Adams was an accomplice witness since the record reflects no objections were made in writing to the court's charge and no written instructions or requested charges were presented to the court. Absent such objections or requested instructions, nothing is presented for review. DeMary v. State, Tex.Cr.R., 423 S. W.2d 331; Brock v. State, Tex.Cr.R., 424 S.W.2d 436; Washington v. State, Tex.Cr. R., 450 S.W.2d 630.

The judgment is affirmed.

MORRISON and ODOM, JJ., concur in result.

Opinion approved by the Court.