Tom T. PEREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 39659.

Court of Criminal Appeals of Texas.

June 6, 1973.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an out-of-time appeal growing out of a post conviction writ of habeas corpus filed under the provisions of Article 11.07, Vernon's Ann.C.C.P. Appellant's 1964 conviction for sale of heroin where the punishment, enhanced under Article 725b, Vernon's Ann.P.C., as a second offender, was assessed at 50 years, was originally affirmed by this court in 403 S.W.2d 143 (Tex.Cr.App.1966). At the time it does not appear that the indigent appellant was represented by counsel and was, thus, deprived of an effective review of his conviction on appeal.

Counsel has been appointed for the purpose of this out-of-time appeal and has duly filed his brief.

At the outset, the appellant, in three grounds of error, challenges the sufficiency of the evidence and claims that, as a matter of law, the evidence shows that he was entrapped and that he acted as an accommodation agent for the witness Gober.

■ The principal witnesses for the State were John William Gober and Houston Police Officers McMannes and Hightower. From the State's evidence we learn that on August 20, 1963 Gober saw the appellant at an icehouse on Hogan Street in the City of Houston and that the appellant approached him about selling him "some dope"—heroin, at $7.00 "a cap." Gober told the appellant he would come by appellant's house "shortly" and, then, he left the icehouse and called Houston Narcotics Officer McMannes. Subsequently he met Officers McMannes and Hightower at a location to which he had been directed. There the officers searched his person and automobile to ascertain that he had no narcotics in his possession. He was given $21.00. Gober proceeded to the appellant's home where the appellant sold him three capsules for $21.00. The sale was observed by the officers using field glasses. At the time of the transaction the appellant told Gober that if he wanted some more of this dope he would have some "papers" and that the price would be "$60 for a paper."

Gober then met the officers "off North Main" Street and delivered the capsules to them.

About 9:30 p. m., Gober encountered the appellant again at the icehouse and the appellant informed him he had the "paper" they had discussed earlier. Gober then called Officer Hightower and received certain instructions. With the appellant accompanying him, he then drove to Unit 29 in a certain apartment complex on North Shepherd on the pretense he was going to get the money for the "paper." After ar-

riving at the location, he left the appellant in the car and went into the apartment where he met Officers McMannes and Hightower. Again he was searched and given $60.00 in bills. Gober then returned to the car and gave the $60.00 to the appellant, who, in turn, gave him a tinfoil package. The transaction was observed by Officer Hightower from a window. Gober then delivered the package to Officer McMannes at the door of the apartment and then drove the appellant back to the icehouse.

The package delivered to McMannes at the apartment was marked for identification as State's Exhibit No. 2. The chain of custody was established and the chemist testified that the substance in the tinfoil was 27.2 per cent pure heroin.

The prior conviction of the appellant alleged for enhancement was stipulated.

Testifying in his own behalf, the appellant acknowledged the prior conviction alleged for enhancement. He related that on the date in question Gober and a girl came to his house about 8:30 a. m. looking for the girl's brother; that he and Gober left to look for the brother and that, during the day, he and Gober drank beer together at several icehouses or lounges. He denied that the subject of narcotics ever was discussed, denied selling Gober any narcotics, or possessing any narcotics.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude the evidence is sufficient to support the verdict.

■ We cannot agree that the evidence shows as a matter of law that the appellant was entrapped or that he acted as an accommodation agent. The State's evidence reflects the appellant first approached Gober and offered to sell him heroin. It was then that Gober called the Houston Police Officers. He testified that he only sought to obtain evidence to be used in the prosecution of narcotics cases. On the other hand, the appellant did not testify he was

entrapped or acted as an accommodation agent but, to the contrary, he testified he never possessed or sold narcotics, or never even discussed narcotics with Gober. It was his testimony that no offense occurred at all.

In grounds of error four through seven, appellant complains of the failure of the court to submit as a fact issue whether the appellant was entrapped or acted as an accommodation agent for the witness Gober, and also complains of the court's failure to charge that Gober was an accomplice witness as a matter of law, or to alternatively submit such fact issue to the jury.

 Counsel candidly admits that there were no objections to the court's charge or any requested issues (see former Articles 658 and 659, Vernon's Ann.C.C.P., 1925, then in effect at the time of appellant's 1964 trial), but contends the errors committed were each fundamental. We cannot agree. As already noted, the evidence did not raise the issues of entrapment or accommodation agent. Further, it is well settled that an undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139 (1959). See also Hooper v. State, 487 S. W.2d 349 (Tex.Cr.App.1972); Alvarez v. State, 478 S.W.2d 450 (Tex.Cr.App.1972); Ikner v. State, 468 S.W.2d 809 (Tex.Cr. App.1971), and Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App.1969). Tibbetts v. State, 494 S.W.2d 552 (Tex.Cr.App.1973).

 In grounds of error eight and nine, appellant contends the State suppressed evidence by permitting the witness Gober's testimony known to be false to go uncorrected. Appellant's contentions are based in effect on Gober's testimony that he received no favors or consideration from the Houston police for his actions in helping the police gather evidence "to be used in prosecution of this case." He advances the argument that the State knew this to be false and allowed it to go uncorrected.

Gober, who had been twice previously convicted of felonies, testified he was not employed by the police nor had he been given any money or anything in lieu of money by the police. He did acknowledge that in July, 1963, the month before the events in question occurred, he had been charged with the offense of possession of narcotics, to wit: dilaudid, and that he had secured his release on bail. He denied that the only reason he was free on bond was because of his agreement to make narcotic cases for the police or because of his fear of the Habitual Criminal Law (Article 63, Vernon's Ann.P.C.). He further denied having discussed his case with police officers.

Officer McMannes denied telling Gober he would go to the penitentiary for life if he didn't assist the police and denied asking the Justice of the Peace to pass Gober's examining trial for the possession of dilaudid. Officer Hightower admitted he discussed Gober's case with him, but denied he agreed to do anything concerning the case. J. V. Pecorino, Clerk of the Justice of the Peace court involved, testified for the defense that his notes on the back of the complaint filed reflected that McMannes had requested a re-setting of Gober's examining trial on July 30th, and, on August 26th, Hightower had asked that "the case not be heard until we heard from him."

The appellant candidly admits that he is asking this court "to recognize something which does not exist in this record," but refers this court to the opinions in Luna v. State, 387 S.W.2d 896 (Tex.Cr.App.1965), and Luna v. Beto, 391 F.2d 329 (5th Cir. 1967), and Luna v. Beto, 395 F.2d 35 (5th Cir. en banc 1968). He claims that the same witness and the same officers were there involved, and that the federal opinions reflect that Gober was promised by the police officers that they would give him "whatever help they could with his

case" if he would agree to obtain evidence against narcotic peddlers, and that he did so, receiving, from time to time, small sums of money advanced by the officers. This testimony was apparently developed in a federal habeas corpus evidentiary hearing.

Even if we assume the witness and the officers are the same in the *Luna* cases and the instant case, we cannot agree that statements in those decisions are sufficient to warrant this court, under the facts of this record, to conclude that the witness Gober testified falsely in the instant case and the State knowingly permitted the same to go uncorrected resulting in a suppression of evidence.

Finding no reversible error, the judgment is affirmed.