**Steve R. MONTES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46965.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus Wilcox, Dick Ryman and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for possession of heroin wherein the punishment was assessed at five (5) years.

Trial was before the court without the intervention of a jury.

The sole ground of error is that the trial court "erred in finding the appellant guilty of possession of a narcotic drug because appellant was an accomodation (sic) agent as a matter of law."

San Antonio police undercover agent Albert Chevara, who related he made narcotic drug buys from one hundred thirty-eight (138) individuals while working undercover, testified he encountered the appellant on June 11, 1972, at the intersection of El Paso and General McMullen Drive in San Antonio. Chevara testified as he drove past the intersection the appellant, whom he did not recall having seen previously, motioned and waved at him. Chevara stopped and approached the appellant, who asked if Chevara had "scored yet," and Chevara replied in the negative. Then later the appellant asked Chevara if he wanted to "score," and when Chevara answered "Yes," the appellant said "Let's go." They then drove in Chevara's automobile and the appellant directed Chevara to the residence of Oscar Garcia in the 1100 block of South Calaveras where Garcia approached the car and asked what they wanted. Chevara and the appellant each said, "half a gram." Chevara gave $15.00 to Garcia and $15.00 to the appellant, who in turn handed the same to Garcia, who handed over two pink balloons to the appellant. After driving two blocks, the appellant handed one of the pink balloons to Chevara and retained the other.

The chain of custody was shown and it was established that the pink balloon obtained by Chevara contained heroin.

Testifying in his own behalf, appellant denied having even seen Chevara until he came to court and denied that he saw him on June 11, 1972 and related that he had not participated in any sale of heroin and did not possess any heroin on the date in question.

What this court, speaking through Commissioner Green, said in Canales v. State, 496 S.W.2d 614, 615 (Tex.Cr.App.1973), appears to be dispositive of appellant's contention. There it was written:

"Even though appellant as a witness denied the occurrence of the transaction, he now contends that there was no evidence of a sale by appellant because he was acting as an accommodation agent for Officer Sanchez. This position is untenable because an accommodation agent defense, like the defense of entrapment, necessarily assumes that the act charged was committed. No evidence of accommodation agency is presented in the instant case. The State's evidence concerning the transaction in the record is that appellant approached Sanchez originally and offered to find some pills to sell to Sanchez. When the sale was shown to have been made, the State's case was complete. Appellant testified no offense occurred. See Garcia v. State, Tex.Cr.App., 473 S.W.2d 488; Perez v. State, Tex.Cr.App., 495 S.W.2d 242."

In the instant case the appellant's testimony denying he participated in any sale of narcotics clearly did not raise any issue of his being an accommodation agent. If the evidence in the instant case shows he was an accommodation agent *as a matter of law*, it must be from the State's evidence. An examination of such evidence

**904**

set out above clearly shows this is not the case. The trial court did not err in finding appellant guilty. See Senn v. State, 494 S.W.2d 836 (Tex.Cr.App.1973).

The judgment is affirmed.