Thomas **GONZALES**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47346.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

**268**

Garland G. Wier, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Stephen P. Takas and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy

Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of a narcotic drug, to-wit: heroin; the punishment, thirty (30) years.

San Antonio Police Officer Albert Chevera, while working as an undercover agent, testified that he drove his car on July 17, 1972, and parked on the corner of 28th and San Fernando in San Antonio with an informer, Jimmy Leveine, as a passenger. Appellant, whom Chevera had seen before in that particular location, approached and the two had a short conversation. Then appellant asked Chevera if he was out trying to score, the word score meaning to buy heroin, to which Chevera replied "yes". They got into Chevera's car and appellant directed Chevera to drive to a certain traffic circle. While on the drive to "the circle" appellant asked how much Chevera wanted to score, to which Chevera replied "one gram". Appellant asked for thirty dollars and Chevera gave it to him from monies furnished him by the City of San Antonio. They drove to the 1400 block of Brighton and parked at appellant's direction. Appellant left the car with the informer while Chevera stayed in the car. About two or three minutes later, appellant got back into the car and placed in Chevera's hand a yellow balloon proved by other evidence to be heroin. Chevera placed the balloon in his mouth, drove off, dropped appellant off in the general area where he lived, and then dropped off the informer.

Appellant testified that the informer was driving and Chevera was the passenger. The informer, Jimmy Leveine, motioned with his hand to appellant to approach the car. The informer let appellant know that the man with him, Chevera, was his cousin and that both of them were sick and that they wanted appellant to get some heroin for them. At informer's direction the

three of them drove to Humboldt and Brecker Streets. The informer then gave appellant thirty dollars and appellant left and went up to a house and came back with a full one gram in two balloons. Appellant gave the two balloons to the informer and the informer gave one back to appellant. The three then drove off. Appellant testified further that the informer drove to a location close to a wild bush where informer "shot" some heroin and then gave some to appellant who also "shot" some. Chevera in the meantime had left the scene, but returned with the car, and then the three of them left with Chevera driving. Chevera then dropped appellant off at the corner of General McMullen and El Paso Streets.

Appellant's ground of error number one urges that the evidence is insufficient to prove a sale of heroin, but that it shows accommodation agency instead. We had occasion only recently to review this contention in a very similar fact situation in Montes v. State, Tex.Cr.App., 501 S.W.2d 902, where we held contrary to appellant's contention. The conflict in the testimony is an issue for the jury. The evidence is sufficient to sustain the jury's verdict.

Ground of error number two urges that the court erred in refusing appellant's requested charge on accommodation agency. Appellant testified that he was motivated to get the heroin so that he could get a fix. Appellant by his own testimony thus was not acting solely at the behest of the officer, but was acting for his own personal gain. Indeed, appellant did receive a fix out of the heroin he obtained. Under these circumstances no charge on accommodation agency is required. Jones v. State, Tex.Cr.App., 427 S.W.2d 616. The court did charge the jury fully on the law of entrapment. Even assuming a charge on accommodation agency would have been proper, the court's charge on entrapment fully protected appellant's rights. Sosa v. State, Tex.Cr.App., 494 S.W.2d 849, and Brooks v. State, Tex.Cr.App., 499 S.W.2d 99.

Ground of error number three urges that the Court erred in refusing a charge on accomplice witness. Appellant urges that there was evidence to show the witness Chevera, to be an accomplice witness. We have held that an undercover agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic. Perez v. State, Tex.Cr.App., 495 S.W.2d 242. Appellant testified that he did make the sale, and thus there is no need to charge on accomplice testimony. See Carr v. State, Tex.Cr.App., 495 S.W.2d 936, for a complete discussion of this problem.

Finding no reversible error, the judgment is affirmed.