**Willie McCARTY, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23999.**

United States Court of Appeals
Fifth Circuit.

June 20, 1967.

---

———◆———

Tom N. Goodwin, John E. Fitzgibbon, Laredo, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Morton Hollander, Martin Jacobs, Attys., Dept. of Justice, Washington, D. C., Morton L. Susman, U. S. Atty., Ronald J. Blask, Asst. U. S. Atty., Houston, Tex., for appellee.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

McCarty appeals from his conviction by a jury on his plea of not guilty on two counts of an indictment charging respectively transporting and facilitating the transportation and concealment of marijuana in violation of Title 21 U.S.C.A. § 176a and failure to pay the marijuana transfer tax in violation of Title 26 U.S. C.A. § 4744(a) (2).

The sole issue raised on this appeal is whether the District Judge erred in refusing to give an instruction on entrapment requested by the defendant. We conclude there was no error and affirm.

Before deciding whether the evidence raised an issue of entrapment we must decide in light of the fact that McCarty denies committing the acts charged whether he is entitled to raise the "affirmative defense" of entrapment. The government contends that a defendant cannot deny that he has committed the act constituting the offense, as McCarty did here [1] and still rely on entrapment.[2]

This Circuit has considered this point numerous times. Beatty v. United States, 5 Cir., 377 F.2d 181; Sears v. United States, 343 F.2d 139 (1965); Marko v. United States, 314 F.2d 595 (1963); Henderson v. United States, 237 F.2d 169 (1956); Rodriquez v. United States, 227 F.2d 912 (1955); Hamilton v. United States, 221 F.2d 611 (1955); Siglar v. United States, 208 F.2d 865 (1954).

McCarty presses Sears and Henderson as modifying the rule laid down in the other cases which upheld the government's contention. But the rationale of these two cases also supports the government's position. In both Sears and Henderson the defendant was indicted for

---

1. McCarty testified that he thought a bundle of dirty clothes given to him by one who later turned out to be a government informer contained illicit diamonds and not marijuana and that he had no intention of dealing with marijuana in any way whatsoever.

2. The Courts of Apeal are divided on this question. Compare those cases supporting the government's position, Sylvia v. United States, 1 Cir., 1963, 312 F.2d 145, cert. den. 374 U.S. 809, 83 S.Ct. 1694, 10 L.Ed.2d 1032; United States v. Di Donna, 2 Cir., 1960, 276 F.2d 956; United States v. Carter, 7 Cir., 1963, 326 F.2d 351; Ortiz v. United States, 9 Cir., 1966, 358 F.2d 107, with those contra, Hansford v. United States, D.C.Cir., 1962 (en banc), 303 F.2d 219; United States v. Bishop, 2 Cir., 1966, 367 F.2d 806; Crisp v. United States, 4 Cir., 1958, 262 F.2d 68; Scriber v. United States, 6 Cir., 1925, 4 F.2d 97. Support for the latter cases may be found in Orfield, The Defense of Entrapment in the Federal Courts, 1967 Duke Law Journal 39 (1967) and Note, Entrapment 73 Harvard Law Review 1933 (1960).

conspiracy and raised the issue of entrapment with regard to a particular overt act. The court held in both cases that the defendant could deny being a party to a conspiracy and yet raise the issue that any overt acts done by him were done because of entrapment. The rationale of these cases was that inconsistencies in defenses in criminal cases are allowable so long as the proof of one does not necessarily disprove the other. *Henderson,* supra, 237 F.2d at 173, *Sears,* supra, 343 F.2d at 143. In both cases proof that the defendant was not a member of a conspiracy would not have necessarily disproved that he was entrapped into committing a particular overt act.

In the instant case, however, proof that McCarty did not commit the acts constituting the sole offense charged necessarily disproves that he was entrapped into doing the offense. We hold this to be too great a degree of *inconsistency* in defenses to be permitted. *Henderson,* supra, 237 F.2d at 173.[3]

Once on the stand McCarty had a choice: deny the acts constituting the offense or admit that he committed the acts but contend that he was entrapped. Having elected to deny that he committed the acts charged he was not entitled to an instruction on entrapment. The judgment is

Affirmed.

3. Cf. United States v. Di Donna, 2 Cir., 1960, 276 F.2d 956, where the court in a per curiam opinion held that the trial judge's refusal to instruct the jury on entrapment was proper where the defendant testified much as McCarty did here that he had no knowledge of the contents of the package which he admittedly delivered to the narcotics agent.