**Juan Manuel GODIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42022.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Rehearing Denied June 11, 1969.

Evans & Marshall, Rose Spector, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; the punishment, seven years.

Both the guilt and penalty stages of the trial were before the court without a jury.

Appellant contends that the evidence shows as a matter of law that he was entrapped into committing the offense.

The record reflects that James Henry, an informer, working for and with a narcotics agent told appellant he wanted to buy some heroin; that appellant left and after returning, sold four capsules of heroin to James Henry for fourteen dollars.

Appellant testified that a man known as "Soapy" sold the heroin to Henry; that he, appellant, never possessed it.

The controlling question in this case is whether the affirmative defense of entrapment can be raised when a defendant denies that he committed the offense. The defense of entrapment necessarily assumes that the act charged was committed. Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762, 770. It is the rule in Texas and most jurisdictions that the defense of entrapment is not available to a defendant who denies that he committed the offense charged. Reed v. State, Tex.Cr.App., 421 S.W.2d 116; Byerley v. State, Tex.Cr.App., 417 S.W.2d 407; McCarty v. United States, (5th Cir. 1967) 379 F.2d 285; see 61 A.L.R. 2d 677.

Had appellant admitted possessing the heroin, the defense of entrapment would not have been established as a matter of law.

The judgment is affirmed.