**Patrick L. McKELVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42676.

Court of Criminal Appeals of Texas.

April 1, 1970.

Rehearing Denied May 20, 1970.

Davis Bragg, of Curtis, Duncan & Bragg, Killeen, for appellant.

Stanley Kacir, Dist. Atty., and Bruce Bangert, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for the sale of marihuana with the punishment

assessed by the court at 20 years after a verdict of guilty.

In both of his grounds of error appellant complains of the court's failure to charge on the defense of entrapment despite his timely presented special requested charges.

█ Entrapment may be a defense in Texas. Note, The Defense of Entrapment in Texas, 17 Baylor Law Review 426. "Where one is induced to do an act and the inducement prevents the act from being criminal, the fact of the inducement constitutes a defense. However, the mere fact that one person affords another an opportunity to commit a crime with a view to prosecuting the other person is no defense." 16 Tex.Jur.2d, Criminal Law, Sec. 102, p. 234.

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, this court said:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute a defense." See also Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Jones v. State, Tex.Cr.App., 427 S.W.2d 616.

█ Unless an accused has established as a matter of law that he was entrapped, the factual issue is a question for the jury when the evidence raises an issue as to whether the intent to commit the crime originated in the mind of the accused or in the officer's mind. Cooper v. State,

162 Tex.Cr.R. 624, 288 S.W.2d 762; Sutton v. State, supra; Owens v. State, Tex.Cr.App., 385 S.W.2d 246. Where, however, the evidence does not raise such an issue it is not error to refuse a charge on entrapment. Ivy v. State, 161 Tex.Cr.R. 371, 277 S.W.2d 712; Vela v. State, Tex.Cr.App., 373 S.W.2d 505; McKinney v. State, Tex.Cr.App., 372 S.W.2d 699; Cox v. State, 169 Tex.Cr.R. 332, 333 S.W.2d 849; Price v. State, 55 Tex.Cr.R. 157, 115 S.W. 586.

█ In the case at bar the State's evidence reflects that Thomas Wadkins, an undercover agent of the Criminal Investigation Division, United States Army, Ft. Hood, Texas, was instructed by his superior and Lt. Shelton of the Killeen Police Department to go to appellant's place of business in the city of Killeen, where they had been informed narcotic sales by the appellant were taking place. On September 20, 1968, Wadkins arrived at the Frontier Arcade where he was introduced to the appellant by a "confidential informant" who describes him (Wadkins) as a "head."[1] After some conversation involving narcotic jargon the appellant solicited Wadkins to buy marihuana telling Wadkins he was not interested in small deals. They agreed upon the purchase of $180.00 worth of marihuana. One Rials was then dispatched to locate a supplier but was unsuccessful. Appellant then instructed Wadkins to return the following day.

On September 21, 1968, Wadkins returned to the Arcade and Rials was again assigned his previous mission by the appellant. Later two soldiers, Fordon and Capaldo, entered appellant's place of business and conversed with appellant before leaving. Appellant then informed Wadkins contact had been made and that he had vouched for Wadkins. The two soldiers returned and left again. Subsequently, ap-

[1]. According to the testimony a "head" means "a user of marihuana."

pellant informed Wadkins only $50.00 worth of marihuana was available and still later that $35.00 worth was all that could be obtained. Wadkins refused to part with his money in return for information as to where the marihuana was "stashed," and insisted on a hand to hand transaction. Appellant then procured one Charles Jones, who had entered the Arcade asking for marihuana to use his money to pay Fordon and Capaldo and recover the marihuana. When Jones returned with the marihuana he handed the same to the appellant who completed the sale to Wadkins.

The appellant did not testify but called Fordon and Rials as defense witnesses. Such defense testimony showed that when the subject of a marihuana buy was first broached the appellant stated he had none and referred Wadkins to Fordon (who claimed to have been present the first day); that thereafter the appellant did not participate in either the possession or sale of any marihuana.

Under these circumstances, we cannot agree the trial court erred in refusing to charge on the defense of entrapment. The state's evidence reflects that while Wadkins furnished the opportunity for the appellant to participate in the commission of an offense, the criminal design originated in the appellant's mind. The defense was not that the appellant was entrapped, induced to commit a crime he would not have otherwise committed except for such inducement; it was that he had not participated in the sale at all. See Godin v. State, Tex.Cr.App., 441 S.W.2d 196 and authorities there cited.

The charge given adequately protected appellant's rights, and it does not appear from the record that the appellant was deprived of a fair and impartial trial. See Article 36.19, Vernon's Ann.C.C.P.

Grounds of error #1 and #2 are overruled.

The judgment is affirmed.