**Cristobal CANALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46414.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Albert R. Huerta, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal arises out of a conviction for sale of a dangerous drug, barbituric acid derivative. The jury assessed punishment at five (5) years.

Initially, the appellant, in three grounds of error, challenges the sufficiency of the evidence and complains that there was no evidence of a sale and that a variance existed between the indictment and the evidence presented.

The State called only two witnesses, the principal witness being Hector Sanchez, an undercover officer for the Department of Public Safety. Officer Sanchez testified that on the afternoon of January 12, 1971, he was at a bar by the name of Beto's Lounge, when appellant approached him with the question, "Do you have any G's?"[1] Officer Sanchez replied that he didn't have any. The agent further testified that appellant then told him that he was going to make a phone call, and "see if he could get some."

Sanchez agreed to buy some or offered to buy "some." Appellant then made a phone call with negative results. However, a few minutes later, appellant received a phone call at the tavern and later told Officer Sanchez that a woman had four dollars worth of pills to sell and asked Officer Sanchez· if he would buy them. Officer Sanchez agreed.

Officer Sanchez, directed by appellant, then drove to a mobile home in a trailer park. Sanchez gave appellant a five dollar bill and, upon arriving at the mobile home, appellant got out of the car, went inside the mobile home, came back out, got in the car, and gave Sanchez one dollar change.

Sanchez then drove to a service station where he stopped. Appellant then handed Sanchez the pills in a cellophane wrapper off a cigarette package.

Officer Sanchez submitted the evidence by mail to the Department of Public Safety laboratory in Austin for analysis. A proper chain of custody was established and an expert witness testified that the pills contained a barbituric acid derivative.

Appellant testified in his own behalf and stated that he had drunk beer with Officer Sanchez on several occasions, but denied that the transaction had ever occurred and stated that he had not seen Sanchez on the date of the alleged offense.

Even though appellant as a witness denied the occurrence of the transaction, he now contends that there was no evidence of a sale by appellant because he was acting as an accommodation agent for Officer Sanchez. This position is untenable because an accommodation agent defense, like the defense of entrapment, necessarily assumes that the act charged was committed. No evidence of accommodation agency is presented in the instant case. The State's evidence concerning the transaction in the record is that appellant approached Sanchez originally and offered to find some pills to sell to Sanchez. When the sale was shown to have been made, the State's case was complete. Appellant testified no offense occurred. See Garcia v. State, Tex.Cr.App., 473 S.W.2d 488; Perez v. State, Tex.Cr.App., 495 S.W.2d 242.

The testimony clearly showed a sale by appellant of a dangerous drug; namely, barbituric acid derivative, proscribed by Article 726d, Section 15(d), Vernon's Ann.P.C. Therefore, viewing the evidence in the light most favorable to the jury's

[1]. According to the testimony a "G" is a common name for a pill containing barbituric acid derivative.

**616**

verdict, we conclude that there was no variance between the indictment, which alleges a sale, and the evidence presented which was sufficient to show a sale by appellant of a dangerous drug and, therefore, was sufficient to support the verdict.

Appellant's first three grounds of error are overruled.

 Appellant's fourth ground of error contends that "the trial court should be reversed because appellant was entrapped into committing the offense." While counsel for appellant admits that there were no objections to the charge nor a requested issue of entrapment, he contends that the failure of the trial court to submit entrapment in its charge to the jury constituted fundamental error. It was appellant's testimony that no offense occurred at all. The defense of entrapment necessarily assumes that the act charged was committed. Cooper v. State, 162 Tex.Cr.R. 624, 288 S. W.2d 762. Godin v. State, Tex.Cr.App. 441 S.W.2d 196. The defense of entrapment is not available to one who denies that he committed the offense charged; Byerley v. State, Tex.Cr.App., 417 S.W.2d 407; Godin v. State, supra.

The issue of entrapment was not raised by the evidence. Appellant denied the existence of the entire transaction. Therefore, in order for entrapment to be raised, appellant must rely on the State's evidence. Officer Sanchez testified that appellant initiated the entire transaction and sale. The evidence does not raise the issue and the trial court did not commit error by not submitting a charge on entrapment. See McKelva v. State, Tex.Cr.App., 453 S.W.2d 298; Perez v. State, supra.

Appellant's fourth ground of error is overruled.

In the fifth ground of error, appellant urges that the trial court erred in refusing to grant appellant's motion for new trial. This ground of error merely reurges the same contentions previously raised.

No authority is cited. The ground of error is multifarious and presents nothing for review. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless since we have already examined the grounds that appellant reurges, we conclude that the trial court committed no error in overruling appellant's motion for new trial.

Appellant's fifth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.