John Gilbert GUERRERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 47690.

Court of Criminal Appeals of Texas.

March 13, 1974.

John A. Brady and Jack Q. Neal, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Clint D. Starr, William E. Burdock and William A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The offense is sale of a narcotic drug, to-wit, marihuana; the punishment, as assessed by the jury, seven (7) years.

The evidence, viewed in the light most favorable to the State and the jury's verdict, showed that at the time of the offense D. W. Bransom was working as an undercover agent for the Fort Worth Police Department. During the period of approximately two to three weeks preceding August 5, 1971, Bransom had developed an acquaintanceship with one Larry Hart and one Jimmie Lewis who were both associated with Tommy Simpson's [1] Used Car Lot in Fort Worth. At approximately 8:15 P. M. on August 5, 1971, Bransom, in the company of the above mentioned individuals, went to a service station in north Fort Worth where they met the appellant. In response to an inquiry by Lewis as to where they could get some marihuana, the appellant directed them to proceed to a place known as Sally's Cafe and later joined them at that location. All four then drove around in Bransom's automobile during which time the appellant produced a hand rolled cigarette and indicated that it was a sample of the marihuana for sale. The group then returned to Sally's where Bransom paid appellant $20.00 for two "lids" of marihuana. The appellant placed the $20.00 in his pocket and directed the others to go inside Sally's and wait. After appellant had made a telephone call, he and Lewis went outside the cafe, Lewis returning shortly stating that he had the "merchandise." Upon returning to Bransom's auto, Lewis removed two plastic bags from under the car which appeared to contain marihuana. Bransom maintained possession of the bags until he delivered them to the Fort Worth Police Department chemist the next day. At the trial, Bransom identified the two plastic bags by markings he had made on them.

1. Also referred to in the record as Tommy Simmons' Used Car Lot.

The appellant testified in his own behalf and, while he admitted having furnished the one cigarette, he denied that he participated in the sale of the two "lids" to Bransom.

Appellant's initial ground of error urges that the trial court erred in failing to submit to the jury, by way of the court's main charge or by specially requested charge, the issue of entrapment as a question of fact. In support of this argument appellant refers us to testimony by both the appellant and Larry Hart wherein they stated that Bransom had badgered both Hart and Lewis to sell him narcotics. Notwithstanding the fact that this and other evidence might have raised an issue on entrapment, appellant's own testimony that he did not make the sale to Bransom is determinative. The defense of entrapment is not available to one who denies that he committed the offense charged. Canales v. State, Tex.Cr.App., 496 S.W.2d 614; McKelva v. State, Tex.Cr.App., 453 S.W.2d 298; Godin v. State, Tex.Cr.App., 441 S.W.2d 196. Here, appellant, while testifying in his own behalf, denied any connection with the sale of the two "lids" of marihuana to Bransom. Therefore, any defense of entrapment is precluded and appellant's first ground of error is overruled.

In his second and third grounds of error, appellant asserts that the court erred in failing to charge the jury on whether Bransom was an accomplice witness either as a matter of law or, alternatively as a matter of fact. Appellant bases this claim on the fact that Bransom admitted hiding the marihuana in his car immediately after the purchase. This, so appellant reasons, was evidence of Bransom's attempt to avoid arrest, thus making him an accomplice, either as a matter of law or, alternatively, a matter of fact. We find the appellant's position untenable.

In Alexander v. State, Tex.Cr.App., 325 S.W.2d 139, this Court held that an undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." See also, Tibbetts v. State, Tex.Cr.App., 494 S.W.2d 552; Perez v. State, Tex.Cr.App., 495 S.W.2d 242; Brewer v. State, Tex.Cr.App., 500 S.W.2d 504; Robbins v. State, Tex.Cr.App., 481 S.W.2d 419; Gomez v. State, Tex.Cr.App., 461 S.W.2d 422; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Jones v. State, Tex.Cr.App., 427 S.W.2d 616; Darrow v. State, Tex.Cr.App., 504 S.W.2d 416, (January 30, 1974). Here, the evidence did not show that Bransom brought about the crime. Therefore, the court did not err in failing to charge on whether or not Bransom was an accomplice witness. Appellant's second and third grounds of error are overruled.

Under his fourth ground of error, appellant urges error by the trial court in failing to charge the jury on whether or not appellant acted as an accommodation agent for Bransom. This contention is without merit. Appellant denied participation in the sale. Accommodation agent, like entrapment, necessarily assumes that the act charged was committed. Canales v. State, Tex.Cr.App., 496 S.W.2d 614. See Garcia v. State, Tex.Cr.App., 473 S.W.2d 488; Perez v. State, Tex.Cr.App., 495 S.W.2d 242. No error is shown.

In his fifth and sixth grounds of error, appellant asserts that the court erred in charging the jury on the law of principals, urging that by giving this charge the court weaved "an inexorable web of presumed guilt about appellant from which he could not extricate himself under the limited charge submitted."

Under the facts of this case, as previously recited, we do not see any error in the court having submitted the charge on principals. The fact that appellant told Bransom at the service station that he did not "keep it (marihuana) on his person or around him right there handy because it was too dangerous" coupled with the tele-

phone call appellant made from the cafe just prior to the sale at least implied that appellant was working with others in the execution of this crime. Of even stronger import is the fact that Lewis left the cafe with appellant at the time of the sale and then returned alone to announce to Bransom that the "merchandise" was in the car.

We hold that the above recited facts supported the trial judge's decision to include a jury charge on the law of principals and overrule appellant's contention.

Appellant next contends that the trial court erred in overruling his motion in limine, in which the appellant moved the court to instruct the prosecution not to indicate *for a second time* in the jury's presence the State's desire and intention to have the contents of Bransom's offense report placed before the jury.

The record reflects that, during appellant's cross-examination of Bransom, appellant became aware that Bransom had prepared an offense report. Appellant's counsel then asked the court that he be allowed to look at this report. Thereupon, the district attorney rose and offered the report into evidence. No ruling was made by the court but the jury was excused. At this juncture, several motions were made by appellant, one of which was the motion in limine involved herein. These motions were denied but the offense report was made a part of the record for purposes of appeal. Subsequently, after the jury had returned, the State again offered the report into evidence. Appellant's objection to this evidence was sustained. No motion to have the jury instructed to disregard this offer of evidence was made but a motion for mistrial was made but overruled. The report was not shown to the jury.

■ Appellant does not claim that the court erred in overruling his motion for mistrial but rather attacks the action of the court in denying his motion in limine. The conduct of the prosecutor was highly improper but, under the facts of this case, it

was not reversible error. Byrd v. State, Tex.Cr.App., 491 S.W.2d 440. Cf. Kilburn v. State, Tex.Cr.App., 490 S.W.2d 551.

■ In his eighth and ninth grounds, appellant urges that reversible error occurred during the following colloquy:

"Q (Prosecutor): Mr. Hart, who were you working for on August 5, 1971?

"A I believe it was Simpson's Used Cars . . . ."

Then followed the complained of question:

"Q Isn't isn't (sic) it true that Mr. Simpson fences stolen goods—

"MR. NEAL (Appellant's counsel): Oh, now, Your Honor—

"THE COURT: Objection sustained. You know better than that and I don't want you to do a thing like that again in this court. Do you understand that?"

The court then instructed the jury to disregard but overruled a motion for mistrial.

■ It is well established in this jurisdiction that an instruction to the jury to disregard an improper question will ordinarily cure any error. Fuller v. State, Tex.Cr.App., 501 S.W.2d 112; Clark v. State, Tex.Cr.App., 500 S.W.2d 469; Chapman v. State, Tex.Cr.App., 503 S.W. 2d 237; Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212; White v. State, Tex.Cr. App., 444 S.W.2d 921; Ortiz v. State, Tex.Cr.App., 490 S.W.2d 594; Christ v. State, Tex.Cr.App., 480 S.W.2d 394; Fisher v. State, Tex.Cr.App., 493 S.W.2d 841. We conclude that the error in having asked the foregoing question was cured by such instruction. In addition, we note that the trial judge severely reprimanded the prosecutor for his conduct. Such a reprimand more often results in damage to the State's case rather than to the defendant's. Appellant's eighth ground of error is overruled.

In his ground of error number nine, appellant again attacks a question asked by the prosecutor of witness Hart. The question complained of was:

"Do you (Hart) have any reason to be afraid of Johnny Guerrero?"

Again, an objection was sustained and the jury was instructed to disregard but a motion for mistrial was overruled. And again, the prosecutor was reprimanded.

For reasons stated in the previous ground of error, we hold that the error, if any, in asking the above question was cured by the instruction to the jury and the court's reprimand, and overrule appellant's ninth ground of error.

Appellant's tenth ground of error is not in compliance with Art. 40.09, Vernon's Ann.C.C.P., and presents nothing for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.