**Jacinto Ramirez ZAMORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48066.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Rehearing Denied May 22, 1974.

**820**

L. Aron Pena, Edinburg, Bob Hillin, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. After the jury returned a verdict of guilty, punishment was assessed by the court at seven years.

In appellant's first three contentions it is urged that the evidence is insufficient to support the conviction.

The record reflects that Federal Narcotic Agent Chism had a telephone conversation with one Josephina Santa Maria on September 1, 1972, in which arrangements were made for a quantity of marihuana to be delivered to the agent at the Ramada Inn in Grand Prairie later that night. Pursuant to such conversation a white 1966 Dodge sedan arrived at the motel about 10:30 p. m. that evening. Codefendant Casiano was the driver of the car, Josephina Santa Maria was the other occupant in the front seat and appellant was sitting in the back seat. Chism got in the car and asked Casiano "if he had the stuff," and Casiano replied, "Yeah, do you have the money?" Chism replied that he had the money in his hotel room and asked Casiano if he would drive the car "over to the hotel room where I had my car parked and we would transfer the stuff from his car to my car." According to Chism, appellant was in the car throughout this conversation and was "within hearing distance." After the car was moved, Chism went to his hotel room where he talked to Federal Agent Hollenshead who, according to plans formulated by the officers, was to exhibit a roll of money to the persons selling the marihuana. Upon Chism returning to the car, Casiano opened the trunk. A footlocker containing twenty bricks of marihuana was opened by Casiano. A plastic bag in the trunk contained an additional nine bricks of marihuana. Chism stated appellant was standing by the car and observed all of the transactions. After the trunk was opened Hollenshead approached the vehicle where he observed appellant, Casiano, Josephina Santa Maria and a black individual (Chism) "standing around the rear of the vehicle" with the trunk open. Hollenshead detected an odor coming from the automobile which he described as "a very strong odor which I associate with marihuana." Upon looking inside the trunk Hollenshead observed "bricks of a green leafy substance" in the trunk, and gave a prearranged signal to other officers who converged on the car and arrested appellant, Casiano and Josephina Santa Maria.

Codefendant Casiano testified that he and appellant made the trip to Grand Prairie from Donna on the date in question as a result of one Chico Perez offering Casiano five hundred dollars to come to Dallas and pick up some money for Perez's family who lived in Pharr. Casiano did not have a car and offered appellant two hundred dollars plus expenses to drive him to Dallas to pick up the money.

While the record reflects that the vehicle was not registered in appellant's name (the record does not show to whom the car was registered), Casiano stated that he had seen appellant drive this automobile "at other times down in Donna," and that "his mother or brother or somebody else" owned it.

Appellant drove Casiano to Grand Prairie where they went to the house of Josephina Santa Maria. Perez arrived shortly thereafter, and, after asking for the keys to their car and making a trip outside while appellant and Casiano remained in the house, Perez told them to go to the Ramada Inn and pick up some money. Appellant did not want to drive the car because "he was not used to driving in big city," and since Casiano had lived in Los Angeles for five years, it was agreed that he would drive the vehicle to the Ramada Inn. Casiano denied that he and appellant had any knowledge that the trunk contained marihuana.[1]

Appellant urges that the evidence is insufficient to support the conviction in light of the opinion of this court in Payne v. State, Tex.Cr.App., 480 S.W.2d 732. In Payne, this court held that evidence showing only that drug was found in matchbox located on left side of dashboard of automobile in which defendant was a passenger was insufficient to support conviction of defendant for unlawful possession of dangerous drug.

Unlike Payne, where the evidence reflected nothing more than appellant was a passenger in the vehicle where the drug was found in a matchbox, appellant had secured and driven the vehicle in which the large quantity of marihuana was found from Donna to Grand Prairie on the day in question. See Hahn v. State, Tex.Cr. App., 502 S.W.2d 724; Aldridge v. State, Tex.Cr.App., 482 S.W.2d 171. For this service, appellant was to receive two hundred dollars and expenses. Appellant had been seen driving the car in Donna, and Casiano believed the vehicle belonged to appellant's mother or brother. See Harris v. State, Tex.Cr.App., 486 S.W.2d 88.

It further appears that the only reason appellant did not drive the vehicle to the scene of the arrest was his reluctance to drive in city traffic. Unlike Payne, a discussion took place in the vehicle where appellant was a passenger relative to the purchase of "stuff," and the moving of the automobile where the "stuff" could be transferred to the buyer's car. In addition, appellant was in a position to observe all of the transactions when the trunk was opened and the marihuana was examined by Chism. While appellant was "standing around the rear of the vehicle," prior to his arrest, Hollenshead noted a strong odor of marihuana coming from the automobile. See Adair v. State, 482 S.W.2d 247; Aldridge v. State, supra.

■ In proving possession in narcotic cases, facts and circumstances surrounding a search or an arrest may be shown to prove that the accused and other persons acted together in jointly possessing a narcotic. Lewis v. State, Tex.Cr.App., 502 S.W.2d 699; Wright v. State, Tex.Cr.App., 500 S.W.2d 170; Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Harvey v. State, Tex.Cr.App., 487 S.W.2d 75.

We find that the combination of the foregoing circumstances provides the af-

---

1. Appellant and Casiano were tried jointly. Appellant did not testify. The jury, as the trier of the facts, could accept or reject all or any part of a witness's testimony. Nalls v. State, Tex.Cr.App., 476 S.W.2d 297; Aguilar v. State, Tex.Cr.App., 471 S.W.2d 58.

firmative link between appellant and the contraband he is alleged to have possessed required by the decisions of this court in joint possession (narcotic) cases. See Barnes v. State, Tex.Cr.App., 504 S.W.2d 450; Powell v. State, Tex.Cr.App., 502 S.W.2d 705; Wright v. State, Tex.Cr.App., 500 S.W.2d 170; Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Sanders v. State, Tex.Cr.App., 482 S.W.2d 648; Payne v. State, supra. We deem the evidence sufficient to support the conviction.

In appellant's next two contentions it is urged that the court erred in failing to charge the jury on "circumstantial evidence," and that "in order to convict appellant they must find that he had knowledge that the contraband was in the automobile and that it was marihuana."

■ Appellant's contentions are not before this court for consideration where neither written objection to the court's charge nor a written request for the charge desired was filed with the trial court. Articles 36.14 and 36.15, Vernons Ann.C.C.P.; Nichols v. State, Tex.Cr.App., 494 S.W.2d 830. Objections and requested charges dictated to the court reporter are not sufficient to preserve error. Louden v. State, Tex.Cr.App., 491 S.W.2d 168; Ross v. State, Tex.Cr.App., 486 S.W.2d 339; Woods v. State, Tex.Cr.App., 479 S.W.2d 952; Fennell v. State, Tex.Cr.App., 460 S.W.2d 417.

Appellant contends the court erred in refusing to grant his requested charge on entrapment.

■ Appellant urges he was entitled to a charge on entrapment by virtue of the testimony of Chism that he initiated the transaction with Josephina Santa Maria for purchase of marihuana which ultimately resulted in appellant's arrest. The record reflects that Chism had no contact with appellant or Casiano until the time of their arrest. While appellant did not testify, codefendant Casiano denied that he and appellant had any knowledge of the marihuana in the trunk of the car. According to Casiano, the inducement for him and appellant to make the trip to Grand Prairie and ultimately to the motel where they were arrested was a five hundred dollar payment (of which appellant was to receive two hundred dollars) from Perez to pick up money and return it to his family in Pharr. Under these circumstances we cannot agree that the trial court erred in refusing to charge on the defense of entrapment. The defense of entrapment necessarily assumes the act charged was committed. Appellant's defense was based on lack of knowledge that there was contraband in the vehicle in which he was a passenger. In Godin v. State, Tex.Cr.App., 441 S.W.2d 196, it was stated, "It is the rule in Texas and most jurisdictions that the defense of entrapment is not available to a defendant who denies that he committed the offense charged." See Canales v. State, Tex.Cr.App., 496 S.W.2d 614; McKelva v. State, Tex.Cr.App., 453 S.W.2d 298; Holdaway v. State, Tex.Cr.App., 505 S.W.2d 262.

Appellant contends that the "so-called 'Impact Court No. 2 of Dallas County, Texas,' which tried this case for the Criminal District Court of Dallas County, Texas, was . . . established in violation of the Constitution and laws of the State of Texas."

By order dated January 19, 1973, the Honorable Dallas A. Blankenship, Presiding Judge of the First Administrative Judicial District, assigned the Honorable Hoyet A. Armstrong, retired district judge, to the Criminal District Court No. 3, Dallas County, and further provided that Judge Armstrong was authorized to hear matters in all of the courts of Dallas County which try felony cases.

■ Appellant first urges that Senate Bill No. 259 of 1893, which created the first Criminal District Court of Dallas County, had the effect of divesting all other district courts of Dallas County of criminal jurisdiction. We find no merit in this con-

tention since Article 5, Section 8 of the Texas Constitution, Vernon's Ann.St. vests the district court with original jurisdiction in all criminal cases of the grade of felony.

■ The argument advanced by appellant that Judge Armstrong could not be authorized by assignment to preside over more than one court in Dallas County was answered adversely to appellant in Peach v. State, Tex.Cr.App., 498 S.W.2d 192.

■ The contention that Judge Armstrong was not authorized to sit as judge of the Criminal District Court of Dallas County when Judge Jerome Chamberlain, the regular district judge of the Criminal District Court of Dallas County, was present and trying another case at the same time is without merit in view of this court's decision in Reed v. State, Tex.Cr.App., 500 S.W.2d 137.

The judge is affirmed.

Opinion approved by the Court.