L. C. STEPHENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48458.

Court of Criminal Appeals of Texas.

May 21, 1975.

C. C. Divine, Kenneth J. Douglas, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Mike Schneider and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. Punishment was assessed by the jury at fifty years.

On original submission, the appeal was abated in order that appellant, an indigent, might be furnished a free transcription of the court reporter's notes for the purpose of the appeal. Stephens v. State, Tex.Cr. App., 509 S.W.2d 363. The record now before us includes a transcription of the court reporter's notes. Since the basis for abatement on original submission is no longer present, the appeal will be considered.

At the outset, appellant contends the court erred in denying his motion to quash the indictment.

■ In the first paragraph of the indictment, appellant was charged with possession of heroin on August 30, 1972. The second paragraph alleges that appellant "did then and there unlawfully sell and deliver to Donnie Marshall" heroin on the same date. Appellant's motion to quash alleged that both paragraphs charged the offense of possession. Appellant reasons that by use of the word "deliver," the second paragraph charged both sale and possession of heroin, and upon dismissal by the State of the first paragraph, the indictment still charged both offenses. Patently, the words "possession" and "deliver" are not synonymous. We cannot agree that the inclusion of the word "deliver" transformed the second paragraph of the indictment into an allegation of both sale and possession of the narcotic, nor did such word in any manner lessen the burden of proof upon the State. No error is shown.

Appellant contends the court erred in denying his requested charge on entrapment.

Appellant denied that he sold heroin as alleged in the indictment and testified, "I was at my auntie's in Louisiana" at the time in question.

■ The defense of entrapment is not available to a defendant who denies that he committed the offense charged. Zamora v. State, Tex.Cr.App., 508 S.W.2d 819; Holdaway v. State, Tex.Cr.App., 505 S.W.2d 262; Canales v. State, Tex.Cr. App., 496 S.W.2d 614; Godin v. State, Tex.Cr.App., 441 S.W.2d 196.

Appellant contends the court erred in refusing his charge on agency.

■ Accommodation agent, like entrapment, necessarily assumes that the act charged was committed. Appellant denied participation in the sale. Appellant cannot be heard to complain that the court did not grant his requested charge. Guerrero v. State, Tex.Cr.App., 507 S.W.2d 765.

Appellant contends the evidence is insufficient to establish appellant as a principal to the offense. The record reveals the following probative facts which implicate appellant.

Agent Marshall of the Federal Bureau of Narcotics and Dangerous Drugs testified that he was working as an undercover agent on August 30, 1972. On that date, Marshall and an informant went to an apartment on 75th Street in Houston, where they saw appellant and three female companions. In response to the informant's inquiry, appellant stated that he could get some heroin in about thirty or forty minutes. Appellant asked how much they wanted, and Marshall replied "four bags." According to Marshall, appellant then said, "That will be $50," and Marshall handed that amount to appellant. Appellant asked one of his female companions, Deborah Marie Thompson, to pick up the heroin, telling her, "Hurry up, and be sure and call me if anything goes wrong." Appellant handed Thompson the fifty dollars. Appellant advised Marshall that Thompson would return in "about thirty to forty minutes." Marshall and the informant left the apartment, and when they returned a short time later appellant told them that Thompson would be back in "ten or fifteen minutes." One of appellant's female companions, Shirley Ann Baines, voiced a protest, stating " . . . this ain't right. He looks like the police." Appellant assured Baines that Marshall was "okay" and upon Thompson returning in "about fifteen minutes," she (Thompson) gave four packets, later determined to contain .171 grams of heroin, to the informant. The informant gave two of the packets to Marshall. Thompson was called as a witness by the State and testified that she went after the heroin in appellant's car, paid $44 for same, and gave the remaining $6 to appellant. We cannot agree with appellant's argument that he could not be a principal under the foregoing circumstances. Appellant was present at the time of the commission of the offense and the evidence places appellant in the chain of causation

which led to the sale of the heroin. See Lawrence v. State, Tex.Cr.App., 477 S.W. 2d 275; cf. Robinson v. State, Tex.Cr. App., 493 S.W.2d 780.

Appellant contends the court erred in "admitting facts to attack the credibility of the defendant" at the penalty stage of the trial.

Appellant points to the testimony of several witnesses who testified at the penalty stage of the trial that they knew appellant's reputation for being a peaceful and law-abiding citizen, and that such reputation was bad.

 The record reflects that as to some of these witnesses appellant elicited testimony on cross-examination regarding specific acts of misconduct. Clearly, appellant cannot be heard to complain of testimony he elicited by his own cross-examination. Further, it is not improper for a witness to discuss specific acts with other persons as a basis for determining what a defendant's reputation is in the community. Crawford v. State, Tex.Cr.App., 480 S.W. 2d 724. A review of the testimony of the reputation witnesses reflects that there is nothing to show that the testimony complained of was based solely upon the instant sale of heroin charge so as to render the testimony inadmissible. Witt v. State, Tex.Cr.App., 475 S.W.2d 259.

 In still another argument under this contention, it appears that appellant is urging that testimony as to reputation was based on events not occurring within the community in which appellant lived. In Arocha v. State, Tex.Cr.App., 495 S.W.2d 957, this Court said, "A person's community is not limited to the locale where the case is tried nor his residence at the date the offense was committed." See Ables v. State, Tex.Cr.App., 519 S.W.2d 464.

 Appellant's complaint that the court erred in refusing to allow him to withdraw his request to have the jury assess punishment where the State objected to same is without merit. Article 37.07, Sec. 2(b), Vernon's Ann.C.C.P. See Benson v. State, Tex.Cr.App., 496 S.W.2d 68.

 Appellant contends the court erred in permitting the State to exceed the scope of direct examination of appellant's wife.

Appellant's wife testified that appellant was with her in Benton, Arkansas, on the date in question.

The record reflects that the State was permitted to ask appellant's wife if she knew certain named persons over appellant's objection that such questions exceeded the scope of direct examination. In addition, she was asked if she were in the courtroom the previous day.

Under Art. 38.11, V.A.C.C.P., it is only new incriminating evidence brought out against the husband through the wife that constitutes reversible error. Shirley v. State, Tex.Cr.App., 501 S.W.2d 635; Newby v. State, Tex.Cr.App., 384 S.W.2d 133.

Considering the record as a whole, we conclude that the questions objected to were not so harmful as to require reversal.

Appellant contends the State's failure to disclose its intentions to grant sentencing concessions to accomplice witness Thompson, who testified against appellant, constitutes a denial of due process and requires reversal.

Deborah Thompson, charged in the same indictment with appellant and severed therefrom, testified she was offered nothing in the way of a deal by the State for her testimony. She stated that her lawyer had told her that she could testify if she wanted to.

Bill Shead, counsel for Thompson, was called as a witness by appellant and testified before the jury as follows:

"Q. And was there any promise made that if she would testify for the State, she would get any help in her own problems?

"A. I don't know whether you would say help or not. I did discuss it with the District Attorney's Office in her behalf.

\* \* \* \* \* \*

"A. I'm hopeful that she can plead guilty for less than a jury would give her.

"Q. Do you have any such agreement with the District Attorney that he would recommend a less sentence?

"A. I have such an agreement. Yes, sir."

Shead further testified that he approached the State about Thompson testifying, that there was a discussion about the number of years the prosecutor would recommend to the judge, and that the prosecutor make no offer to dismiss Thompson's case.

■ We do not find that evidence was withheld from the jury which would have a bearing on the credibility of the witness Thompson so as to bring this cause within the holding in Burkhalter v. State, 493 S.W.2d 214, as urged by appellant. The clear import of the testimony of Thompson's counsel was that there was a likelihood that she would receive a lesser penalty or some concession as a result of her testimony. We find no denial of due process under the circumstances here presented. See Burkhalter v. State, supra; Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347; Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104; Evans v. State, Tex.Cr.App., 519 S.W.2d 868.

Appellant contends the court erred in permitting the State to elect at the close of the evidence to have only the more serious charge, sale of heroin, alleged in the indictment submitted to the jury.

Appellant argues that the jury was not given the opportunity of convicting appellant for the possession of heroin, also alleged in the indictment, which carries a lesser punishment.

■ Article 21.24, V.A.C.C.P., while providing that an indictment may not charge more than one offense, does not prohibit alleging several ways in which an offense was committed or charging more than one offense based upon the same incident or transaction. Steambarge v. State, Tex. Cr.App., 440 S.W.2d 68; Peterson v. State, Tex.Cr.App., 508 S.W.2d 844.

We find appellant's reliance on Rivas v. State, Tex.Cr.App., 496 S.W.2d 600, to be misplaced. Rivas held that "Where the indictment or information contains only one count, the state is required to elect only where the evidence discloses two or more transactions, each of which is an offense for which the defendant may be convicted."

In the instant case, more than one offense was charged based upon the "same incident or transaction," as permitted under Art. 21.24, V.A.C.C.P. The indictment contained the allegations necessary to show the commission of the offense which was submitted to the jury and for which appellant was convicted. Peterson v. State, supra. No error is shown.

Lastly, appellant urges the court erred in refusing to allow appellant to present testimony that would show the existence of bias on the part of arresting officers.

Appellant testified out of the presence of the jury that on August 28 (two days prior to the alleged date of the offense), a narcotics officer known as "Officer Jack" told him if he would cooperate with him in regard to heroin traffic he could help appellant with a marihuana charge pending against him. Appellant stated he declined to help the officer. The State's objection that such testimony was hearsay was sustained by the court.

■ Appellant argues that such testimony was admissible under Davis v. Alaska, supra. In the instant case, "Officer Jack" was not identified as a witness for

the State. Appellant has failed to come within the holding of Davis v. Alaska, supra, in that he has failed to establish that he was deprived from showing any fact which would tend to have a bearing upon the credibility of any witness testifying against him. See Burkhalter v. State, supra; Evans v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.