George WARREN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 54689.

Court of Criminal Appeals of Texas, Panel No. 3.

May 24, 1978.

Vernard G. Solomon, Marshall, for appellant.

Sam F. Baxter, Dist. Atty., Marshall, Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of murder. The jury assessed punishment at ten years.

In light of appellant's contention relative to the court's denial of his requested charge, a brief resume of the evidence is deemed necessary.

The record reflects that on the morning of August 19, 1974, the deceased, Alma Owens, entered the appellant's apartment, where she was shot by appellant. According to an eyewitness, the victim then rushed out of the apartment, followed by the appellant, who fired several more times. The police were summoned and the appellant arrested at the scene. He voluntarily turned over a small caliber pistol to the investigating officers. Robert Reed testified that he was the manager of the apartment complex where the appellant lived and that several months prior to the shooting the appellant had complained to him that the deceased wanted to kill him. The appellant testified in his own behalf and admitted shooting Alma Owens. He testified that the victim on numerous occasions

had threatened his life and stated that she would have him killed or kill him herself. The appellant testified that the victim had told him previously that she would kill him on the day of the shooting. He also stated that on the day of the shooting he had seen the deceased with a gun. He related that she came into his apartment uninvited, that he believed the deceased had a weapon, that he had no place to retreat, and that he was acting to protect his own life when he shot and killed the deceased.

The appellant also introduced testimony of a psychologist and a psychiatrist, whose testimony raised the issue of insanity. See V.T.C.A. Penal Code, Sec. 8.01.

The appellant complains that the trial court refused to include in its charge his specially requested instruction on the use of deadly force in defense of a person pursuant to V.T.C.A. Penal Code, Sec. 9.32.[1] The record reflects that the trial court did charge on self-defense under V.T.C.A. Penal Code, Sec. 9.31, but did not include an instruction on the use of deadly force.

The appellant argues that the charge given by the court on self-defense under V.T.C.A. Penal Code, Sec. 9.31, failed to protect his rights because the issue of self-defense, if raised at all, related to the use of deadly force.

▮▮▮ The State argues that the appellant may not urge inconsistent defenses. It appears to be the State's position that since the appellant was also urging the defense of insanity, on which the jury was charged, that he was not entitled to any charge on self-defense. During oral argument, the State suggested that a defense of insanity under V.T.C.A. Penal Code, Sec. 8.01, should be treated in the same manner as the defense of entrapment under V.T.C.A. Penal Code, Sec. 8.06, where a defendant denies commission of the crime, and that inconsistent defenses should not be allowed.

The reason that the defense of entrapment is not available to one who denies he committed the offense is that the defense of entrapment necessarily assumes that the act charged was committed. *Canales v. State*, Tex.Cr.App., 496 S.W.2d 614; *Cooper v. State*, 162 Tex.Cr.R. 624, 288 S.W.2d 762; *Godin v. State*, Tex.Cr.App., 441 S.W.2d 196. In *Garcia v. State*, Tex.Cr.App., 492 S.W.2d 592, reversal resulted for failure to charge on the issue of self-defense when such defense was raised by the evidence even though the trial court had charged on the defense of accident. The rationale underlying the denial of an entrapment charge (where a defendant denies he committed the crime) clearly does not deprive accused of a charge on self-defense where same is raised by the evidence simply because the defendant has entered a plea of insanity.

▮▮▮ A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not

---

1. Appellant's requested instruction reads:

"Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.

"A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as above set out, and when he reasonably believes that such force is immediately necessary to protect himself against the other person's use or intended use of unlawful deadly force, and if a reasonable person in defendant's situation would not have retreated.

"By the term 'deadly force' is meant force that is intended or known by the person using it to cause, or in the manner of its use or intended use is capable of causing death or serious bodily injury.
"By the term 'reasonable belief' as herein used is meant a belief that would be held by an ordinary and prudent person in the same circumstances as defendant."

Appellant's requested instruction on the justification of the use of deadly force appears to be identical to the one given in *Sternlight v. State*, Tex.Cr.App., 540 S.W.2d 704, and approved therein under complaint as to the retreat portion thereof. The requested charge appears to follow the one set forth in McClung's Jury Charges for Texas Criminal Practice (1976), page 96.

**934**

entitled to belief. *Hunt v. State*, Tex.Cr. App., 492 S.W.2d 540; *Shaw v. State*, Tex. Cr.App., 510 S.W.2d 926 (Opinion on Appellant's Motion for Rehearing); *Carter v. State*, Tex.Cr.App., 515 S.W.2d 668. The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Cain v. State*, Tex.Cr.App., 549 S.W.2d 707; *Sargent v. State*, Tex.Cr.App., 518 S.W.2d 807; *Ray v. State*, Tex.Cr.App., 515 S.W.2d 664; *Gavia v. State*, Tex.Cr. App., 488 S.W.2d 420.

The trial court is required when properly requested to charge on every defensive issue raised by the evidence. *Stiles v. State*, Tex.Civ.App., 520 S.W.2d 894; *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716. See 31 Tex.Jur.2d, Instructions, Sec. 110, p. 600.

In the instant case the testimony of the appellant raised the issue of self-defense. The evidence is uncontradicted that the appellant shot the deceased with a pistol. Appellant testified that the deceased had threatened to kill him on the day of the shooting, that he had seen her with a gun on the day of the shooting, that he believed she had a weapon when she entered his apartment, that he had no place to retreat, and that he shot her to protect his life. Appellant's rendition of the facts raised an issue that entitled him to an instruction on his justification in using deadly force against the victim. The appellant having requested a charge under Sec. 9.32, supra, and the issue having been raised by the evidence, the trial court reversibly erred in failing to give such instruction to the jury.

For the reasons stated above, the judgment is reversed and the cause remanded.