**James Hayden SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–86–00632–CR.

Court of Appeals of Texas,
Dallas.

June 1, 1987.

John H. Hagler, Dallas, for appellant.

Mary Jo Kain, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Appellant, James Hayden Smith was convicted in a jury trial of the unlawful delivery of LSD, a controlled substance, and sentenced to fifty-five years' confinement. He asserts that the trial court erroneously refused to charge the jury on the entrap-ment defense and that the instructions given by the court concerning parole eligibility were unconstitutional. We overrule appellant's contentions and affirm the trial court's judgment.

In his first point of error, appellant contends that the trial court erred in refusing to charge the jury on the entrapment defense. *See* TEX.PENAL CODE ANN. § 8.06 (Vernon 1974). The record reflects that on January 30, 1985, appellant delivered an envelope containing LSD to two Dallas undercover police officers. Appellant admitted that he performed the act of delivering the envelope, but denied that he intended to deliver LSD because he did not know what the envelope contained. He asserts that, despite his denial of criminal intent, he is entitled to have his entrapment defense decided by a jury.

In support of his position, appellant cites *United States v. Henry,* 749 F.2d 203, 205 (5th Cir.1984), in which the Fifth Circuit held that a defendant may be entitled to an entrapment defense when he admits the acts charged but denies criminal intent. The court found that the fundamental rationale of the defense was that the defendant was not guilty if his criminal intent had been implanted by the government. The *Henry* court acknowledged that its holding departed from some of its prior decisions.[1] Moreover, the view expressed in *Henry* is not shared by all of the other federal appellate circuits.[2]

The Texas Court of Criminal Appeals consistently has held that "[t]he defense of entrapment is not available to a defendant who denies that he committed the offense charged." *Stephens v. State,* 522 S.W.2d 924, 926 (Tex.Crim.App.1975); *see also Guerrero v. State,* 507 S.W.2d 765, 767 (Tex.Crim.App.1974); *Canales v. State,* 496 S.W.2d 614, 616 (Tex.Crim.App.1973); *McKelva v. State,* 453 S.W.2d 298, 300 (Tex.Crim.App.1970); and *Godin v. State,*

---

1. *United States v. Rey,* 706 F.2d 145 (5th Cir. 1983), *cert. denied,* 464 U.S. 1038, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984); *United States v. Nicoll,* 664 F.2d 1308 (5th Cir.), *cert. denied,* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1330 (1982); *United States v. Brooks,* 611 F.2d 614 (5th Cir.

1980); *United States v. McCarty,* 379 F.2d 285 (5th Cir.1967).

2. The split of federal authority is well-summarized in *United States v. Mora,* 768 F.2d 1197, 1198 n. 1 (10th Cir.1985).

441 S.W.2d 196, 197 (Tex.Crim.App.1969). Arguably, appellant's claim is distinguishable from the above-cited Texas decisions, in which the defendants denied committing the *acts* charged. In such instance, even the Fifth Circuit would deny the availability of the entrapment defense. *Henry,* 749 F.2d at 205.

■ However, the court of criminal appeals has indicated that the entrapment defense is also unavailable when the defendant claims a lack of criminal intent. *Zamora v. State,* 508 S.W.2d 819, 822 (Tex. Crim.App.1974). Zamora was convicted of marijuana possession. His defense was based on "lack of knowledge that there was contraband in the vehicle in which he was a passenger." *Id.* The court of criminal appeals held that "the defense of entrapment is not available to a defendant who denies that he committed the *offense* charged." *Id.* (quoting *Godin,* 441 S.W.2d at 197) (emphasis added). The case of appellant, Smith, is indistinguishable from *Zamora.* Like Zamora, appellant claims that he was entitled to a charge on the entrapment defense because he lacked knowledge that the envelope he delivered to the undercover officer contained LSD, but the court of criminal appeals has held to the contrary. We consider *Henry* to be well reasoned and persuasive, but prior decisions by our court of criminal appeals preclude us from following it. We overrule appellant's first point.

■ In his second point of error, appellant contends that the jury instructions given by the trial court in accordance with article 37.07, section 4(a) of the Texas Code of Criminal Procedure are unconstitutional. We have held recently that such instructions suffer no constitutional infirmities. *Rose v. State,* 724 S.W.2d 832 (Tex.App.— Dallas, 1986, pet. granted); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986, pet. granted). Points two and three are overruled. The trial court's judgment is,

AFFIRMED.