Opinion issued December 4, 2008













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00541-CR
  __________
 
OLIVER EUGENE REED, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1049675
 

 
 
MEMORANDUM OPINION
           Appellant, Oliver Eugene Reed, pled guilty to the offense of possession with
intent to deliver cocaine with an agreed recommendation.


 In accordance with the
plea agreement, the trial court sentenced appellant to confinement for 19 years. The
trial court certified that appellant had the right to appeal a pretrial matter—whether
the trial court erred in not ruling on appellant’s motion to disclose the identity of the
confidential informant (“CI”).
           We affirm.  
Background
          Appellant was indicted for the first degree felony offense of possession of a
controlled substance. Appellant filed a motion to disclose the identity of the
informant. In the motion, appellant asserts that he was entrapped by the CI. Because
the appellate record did not include a ruling on the motion to disclose, we abated the
case for the trial court to conduct another hearing. At the conclusion of the hearing,
appellant’s counsel requested that the trial court conduct an in camera hearing with
the arresting officer, Deputy Coker. 
          Deputy Coker testified that the CI met appellant in Humble at the mall, and the
CI saw one kilo of cocaine in appellant’s car. The CI asked appellant to follow him
to another location. While en route, marked patrol units in the area saw that
appellant’s car had an expired registration sticker, and they conducted a traffic stop. 
The officers noticed the cocaine in plain view on the passenger’s side of the car and
arrested appellant. The CI was not at the scene when appellant was arrested or when
the cocaine was found. Appellant argued, however, that the identity of the CI was
vital to his entrapment defense. We therefore abated the case for a second time, this
time specifically directing the trial court to make a determination as to whether the
CI could, in fact, supply testimony necessary to a fair determination on guilt or
innocence. See Tex. R. Evid. 508(c)(2).



          Acting in accordance with our order, the trial court conducted another hearing
in camera and, after taking additional testimony, determined that the CI could not, in
fact, supply testimony necessary to a fair determination on guilt or innocence.
Confidential Informant
          In one issue, appellant contends that the trial court erred in not requiring the
State to disclose the identity of the CI thereby denying his use of an entrapment
defense, which affected his substantial rights. 
Standard of Review
          We review a trial court’s denial of a motion to disclose a CI under an abuse of
discretion standard. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). 
Under this standard, we affirm the judgment, unless the trial court’s decision was so
clearly wrong as to lie outside that zone within which reasonable persons might
disagree. See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 
We may not substitute our judgment for that of the trial court; rather, we must decide
whether the trial court’s decision was arbitrary or unreasonable. Id. We must
consider all the circumstances of the case to determine whether the trial court abused
its discretion by not requiring the State to disclose the informer’s identity. Portillo
v. State, 117 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.).
The Law
          A defendant who makes a request under Rule of Evidence 508 has the
threshold burden of demonstrating that the informant’s identity must be disclosed.
Tex. R. Evid. 508(c)(2); Blake v. State, 125 S.W.3d 717, 728 (Tex. App.—Houston
[1st Dist.] 2003, no pet.). The accused bears the initial burden of showing that the CI
may be able to provide testimony necessary to a fair determination of guilt or
innocence. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). To be
“necessary,” the informant’s testimony must “significantly aid” in the determination
of guilt or innocence. Id.; Olivarez v. State, 171 S.W.3d 283, 292 (Tex.
App.—Houston [14th Dist.] 2005, no pet.). However, because the accused may not
actually know the nature of the informant’s testimony, all that is required to satisfy
this threshold burden is a “plausible showing” of the potential importance of the
testimony. Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); Long v.
State, 137 S.W.3d 726, 732 (Tex. App.—Waco 2004, pet. ref’d). Nevertheless, mere
conjecture or speculation is insufficient, and the mere filing of a motion to disclose
will not compel disclosure. Bodin, 807 S.W.2d at 318; Washington v. State, 902
S.W.2d 649, 656 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).
          If the defendant meets the burden of making the preliminary showing, the trial
court is required to hold an in-camera hearing. See Bodin, 807 S.W.2d at 319. The
in-camera hearing provides the State the opportunity to show facts that rebut the
defendant’s preliminary showing. Id.
          If the informant was present and witnessed the offense, his testimony is
necessary to a fair determination of the issue of guilt or innocence. Anderson v. State,
817 S.W.2d 69, 72 (Tex. Crim. App. 1991). However, when the informant’s
information is used only to establish probable cause for a search warrant, and the
informant was neither a participant in the offense for which the defendant is charged
nor present when the search warrant was executed, the identity of the informant need
not be disclosed, because his testimony is not essential to a fair determination of guilt.
 See Washington, 902 S.W.2d at 656–57.
          Under Texas law, entrapment occurs when a person engages in the conduct
charged because “he was induced to do so by a law enforcement agent using
persuasion or other means likely to cause persons to commit the offense.” Tex. Pen.
Code Ann. § 8.06(a) (Vernon 2003). It is a defense to prosecution for the charged
conduct. Id. The inducement element of the defense has both subjective and
objective aspects. See England v. State, 887 S.W.2d 902, 909 (Tex. Crim. App.
1994). First, the defendant must show that he was actually induced to commit the
charged offense. Id. Second, he must show the influence by law enforcement would
cause an ordinary citizen with average resistance to commit the offense. Id. The
issue of entrapment is not raised where the facts indicate that the criminal design
originated only in the mind of the accused and law enforcement merely furnished the
opportunity or aided the accused in the commission of the crime. Lopez v. State, 574
S.W.2d 563, 565 (Tex. Crim. App. 1978). Rather, inducement implies that the law
enforcement agent manipulated the defendant and overcame his resistance. See
United States v. Groessel, 440 F.2d 602, 606 (5th Cir. 1971).
          The defense of entrapment is not available to a defendant who denies the acts
upon which the prosecution is predicated. Norman v. State, 588 S.W.2d 340, 345
(Tex. Crim. App. 1979); Warren v. State, 565 S.W.2d 931, 933 (Tex. Crim. App.
1978) (“defense of entrapment necessarily assumes that the act charged was
committed”); Zamora v. State, 508 S.W.2d 819, 822 (Tex. Crim. App. 1974)
(entrapment defense unavailable when appellant claimed he lacked knowledge of
presence of marihuana in vehicle in which he was passenger); see also Groessel, 440
F.2d at 605. However, a defendant may plead not guilty and still raise the entrapment
defense. Norman, 588 S.W.2d at 345. In addition, a defendant who does not take the
stand or who does not offer any testimony inconsistent with the commission of the
crime would still be entitled to offer a defense of entrapment. Id.; see also Groessel,
440 F.2d at 605. Thus, the defendant is not required to admit the commission of the
offense as charged.
Analysis
          In the present case, appellant was pulled over in a valid traffic stop, and
cocaine was found in plain view during the traffic stop. The CI was not at the scene
when appellant was arrested and when the cocaine was found. Appellant argues,
however, that the identity of the CI is vital to his entrapment defense. 
          During the ex parte hearing, Deputy Coker of the Harris County Sheriff’s
Department testified that the CI had been arrested for possession of a controlled
substance (“PCS”), and it was agreed that the CI’s case would be dismissed “if he
provided us with information that led to recovery of at least one kilo of cocaine.”
Coker was later contacted by the CI, who indicated that a “black male was interested
in selling cocaine, a kilo of cocaine for, . . . approximately 4,000 Ecstasy tabs.” The
CI met the suspect in Humble at the mall, and he saw one kilo of cocaine in the
suspect’s car. The CI asked the suspect to follow him to another location. While en
route, marked patrol units in the area saw that appellant’s car had an expired
registration sticker, and they conducted a traffic stop. The officers noticed the
cocaine sitting in plain view on the passenger’s side of the car and arrested appellant. 
 Deputy Coker testified that the CI was not at the scene when appellant was arrested
and when the cocaine was seen in plain view, and there was never an actual hand-to-hand delivery made.
          Appellant has not demonstrated that the informant’s testimony was necessary
to a fair determination of guilt or innocence—the CI did not engage in any conduct
that would cause an ordinary citizen of average resistance to commit the offense, and
he was not even present at the scene when appellant was arrested. Accordingly, the
court did not err in overruling appellant’s motion to disclose the informant’s identity. 
See Ford v. State, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).
Conclusion
          We affirm the trial court’s judgment.

 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).